THE BOARD OF COMMISSIONERS OF BURKE COUNTY, plaintiffs in error, *vs.* R. COLUMBUS WIMBERLY, defendant in error.

The sanction of a petition for *certiorari* merely operates as a *supersedeas* of the judgment of the inferior tribunal. The judge who sanctions has no authority, prior to final hearing, to alter the *status* of affairs under the judgment complained of.

*Certiorari.* Judgments. Before Judge GIBSON. Burke County. At Chambers. June 25th, 1875.

Reported in the decision.

J. J. JONES; A. M. RODGERS, by brief, for plaintiffs in error.

No appearance for defendant.

The Board of Commissioners of Burke County *vs.* Wimberly.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that one Wimberly, as tax collector of Burke county, had been ruled by the county commissioners of that county for his failure to account for and pay over the tax money collected by him, and was, by order of the commissioners, committed to jail. Wimberly petitioned the judge of the superior court for a writ of *certiorari*, alleging error on the part of the county commissioners in the proceedings had before them. The judge sanctioned the writ of *certiorari* as prayed for, and in addition thereto ordered "that the writ of *certiorari* hereby granted shall operate as a *supersedeas* of the judgment complained of until the final hearing in the superior court, and in the meantime that said Thomas Hamil, jailor of Burke county, and all others holding said Wimberly in custody under and by virtue of said judgment, are ordered to discharge said Wimberly from custody." Afterwards the judge modified said order so as to require said Wimberly to pay over to the county authorities the amount admitted by him to be due in his answer as a condition of his discharge. To which the counsel for the county excepted.

The judgment of the commissioners was, that Wimberly should be imprisoned until he paid over to the county $5,200, that being the amount which they adjudged he was indebted to the county, whereas Wimberly insisted in his answer that he was only indebted to the county the sum of $1,590 00. The legitimate object and purpose of the *certiorari* was to bring up the judgment rendered by the county commissioners to the superior court for review, in order that the alleged errors might be examined and corrected by that court, and when the *certiorari* was sanctioned by the judge, it operated as a *supersedeas* of the judgment until the final hearing in the superior court, that is to say, everything was to remain as it then stood, until the final hearing of the *certiorari* in the superior court. In our judgment, so much of the order of the judge as directed "that said Thomas Hamil, jailor of Burke

county, and all others holding said Wimberly in custody under and by virtue of said judgment should discharge said Wimberly from custody," was error: *The Mayor and Council of the City of Macon vs. Shaw*, 14 *Georgia Reports*, 162; *Taylor vs. Gay*, 20 *Georgia Reports*, 77. The legal presumption was that the judgment rendered by the county commissioners was a legal and valid judgment until reversed for error in the manner as prescribed by law. The order of the judge, which directed that Wimberly should pay over to the county authorities the amount admitted by him to be due in his answer, as a condition of his discharge, was also error, but it was an error against him of which he does not complain, and the county has no right to complain of that error.

Let the judgment of the court below be reversed.