## JEFFRIES *vs.* BARTLETT, executor.

1. This court has continually held that, where a debt was created and a judgment obtained prior to the passage of the bankrupt act, and the constitution of 1868, this created a lien on all the property of the defendant, and it was not discharged by the subsequent bankruptcy and discharge therein of the defendant, where the plaintiff did not prove his debt in that court, and where no proceedings were had in that court disposing of the property of the bankrupt, except that the property was set apart to the bankrupt as an exemption; and that said property was still subject to the lien of the judgment, and was subject to be sold in satisfaction thereof.

2. Jeffers and Jeffries are *idem sonans*.

3. Whether fifty acres of the land levied on (there being eight hundred) are sufficiently described in the advertisement of sale or not, does not appear, as the advertisement is not set out in the pleadings. At all events, this is not sufficient to arrest the execution and the sale of the property.

(*a.*) *Semble*, that errors in an advertisement of land levied on under an execution are not sufficient to stop the sale by affidavit of illegality, but the party suffering therefrom will be remitted to his remedy against the officer.

January 26, 1886.

Bankruptcy.  Judgments.  Words and Phrases.  *Idem Sonans.*  Illegality.  Levy and Sale.  Advertisement. Before Judge LAWSON.  Jasper Superior Court.  April Term, 1885.

A *fi. fa.* in favor of George T. Bartlett against Colbert Jeffries *et al.*, based on a judgment rendered in 1861, was levied on certain land, as the property of Colbert Jeffries. He interposed an affidavit of illegality, on the grounds which are substantially set out in the decision.  On demurrer, the affidavit was dismissed, and the defendant excepted.

KEY & PRESTON, by J. H. LUMPKIN; E. W. BECK, for plaintiff in error.

DESSAU & BARTLETT; L. E. BLECKLEY, for defendant.

BLANDFORD, Justice.

This was an affidavit of illegality, filed by plaintiff in error, to an execution issued upon a judgment rendered in 1861 in favor of George T. Bartlett against the affiant.

(1.) The first ground alleges that affiant was adjudicated a bankrupt after the passage of the bankrupt act of 1867, and that he had obtained his discharge, and that the debt of the plaintiff was thereby discharged, as the same was provable under said act, and that the land levied on had been set apart to him as an exemption in bankruptcy by the assignee, and was not subject to the levy, etc.

(2.) That the advertisement under the levy for the sale of the land described affiant by the name of Jeffers, his real name being Jeffries.

(3.) That there was no proper description of fifty acres of the land.

1. This court has held, and has continuously held, that where a debt was created and a judgment obtained prior to the passage of the bankrupt act and the constitution of 1868, this created a lien on all the property of the defendant, and it was not discharged by the subsequent bankruptcy and discharged in bankruptcy of the defendant where the plaintiff did not prove his debt in that court, and where no proceedings were had in that court, disposing of the property of the bankrupt, except the property was set apart to the bankrupt as an exemption, and that said property was still subject to the lien of the judgment, and was subject to be sold in satisfaction thereof. 39 *Ga.*, 64; 40 *Id.*, 257; 43 *Id.*, 383; 44 *Id.*, 133; 52 *Id.*, 544; *Id.*, 593; 53 *Id.*, 208; 55 *Id.*, 579; 56 *Id.*, 271; 58 *Id.*, 119; 60 *Id.*, 375; 65 *Id.*, 661; 69 *Id.*, 92; *Shipp vs. Smith* (present term), and other cases.

Whether the rule thus laid down be correct or not, we will adhere to the same until the Supreme Court of the United States indicate another rule to be law.

2. Jeffers and Jeffries are *idem sonans.*

3. Whether fifty acres of land levied on (there being eight hundred acres) are sufficiently described in the advertisement of sale or not, we cannot tell, as the advertisement is not set out in the pleadings; at all events, this was not sufficient to arrest the execution and sale of the property.

We are inclined to think that errors in an advertisement of sale of land, levied on by execution, cannot be stopped by affidavit of illegality, and the party suffering thereby will be remitted to his remedy against the officer.

Judgment affirmed.