## TREADWELL, ABBOTT & COMPANY *vs.* BEAUCHAMP.

The sheriff cannot justify his failure to raise the money on an execution in his hands by showing that the defendant filed with him an affidavit of illegality setting up deficiencies in the sheriff's advertisement, and in his description of the premises levied upon; nor will it avail the sheriff that the affidavit contained another ground setting up that the judgment was against the defendants as partners, whereas the execution was against them as individuals, the execution itself showing on its face that it was against them both as a firm and as individuals. That the sheriff took counsel on his duty in regard to receiving the affidavit and returning it to court for trial, will not protect him in so plain a matter.

July 8, 1889.

Treadwell, Abbott & Company *vs.* Beauchamp.

Rule. Sheriffs. Executions. Illegality. Before Judge Boynton. Butts superior court. September adjourned term, 1888.

Reported in the decision.

E. J. Reagan, for plaintiffs.

W. W. Anderson, for defendant.

Bleckley, Chief Justice.

The sheriff was ruled for not making the money upon a justice's court *fi. fa.* which had been levied upon land. His authority to make the levy was conferred by the act of October 17th, 1885. (Acts 1884-5, 68.) He answered that one of the defendants had interposed an affidavit of illegality to the *fi. fa.*, and that he (the sheriff) had consulted counsel and was advised to return it to the justice's court for trial. This was his excuse for not raising the money. We think the excuse insufficient. He ought not to have received the affidavit of illegality. Two of the grounds go to his own acts. They allege that he did not describe the land fully, nor state in his advertisement that the tenant in possession had legal notice. If either of these grounds was good, it must have been because the sheriff failed to perform his duty, and of course he can take no advantage of a delay which was the result of his own fault. The other ground of illegality alleged in the affidavit was, that the *fi. fa.* issued against O. L. Welch and J. L. Fincher, when in fact the judgment is against them as partners. The truth is that the execution, as brought here in the record, is both against the firm of Welch & Fincher, and against each member of that firm; and this the sheriff would have seen by merely reading the *fi. fa.* True, it

v 82-47

does not name them expressly as partners, but the use of the form Welch & Fincher implies that they were partners; and this is quite sufficient.

We have never seen a more frivolous affidavit than this. Surely the sheriff is bound to know some law. He says he took the advice of counsel. We suppose from the quality of the advice that he must have obtained it gratis; but if he paid for it, he might be able to recover damages from his attorney for giving such advice, if any damages have been or should be sustained.

We think that the plaintiffs in *fi. fa.* were entitled to have the rule made absolute, and that it was a mistaken exercise of discretion to discharge the rule upon the showing made by the sheriff's answer. *Tucker vs. Respass,* 28 *Ga.* 613; *Wheeler vs. Thomas,* 57 *Ga.* 161; *Morgan vs. Spring,* 72 *Ga.* 258; *Gladden vs. Cobb,* 73 *Ga.* 235; *Kite vs. Lumpkin,* 40 *Ga.* 506.

Judgment reversed.