GRIFFIN *et al.,* administrators, *v.* FRICK & COMPANY.

*Simmons, C. J.*—1. Where an action upon promissory notes executed by a partnership and having upon them endorsements signed by another guaranteeing their payment, was brought against the two individuals composing the partnership and the legal representatives of the estate of the endorser, who had died, and pending the action one of the members of the partnership also died, it was too late, after the rendition in this action of a judgment against the partnership as such, against the surviving partner individually and against the estate of the deceased endorser, to raise, by illegality, objections to this judgment, based upon the ground that it was not authorized by the declaration, or that the failure to sue the partnership as such increased the risk of the endorser's estate and subjected it to greater liability.

2. In such case it was error to strike on demurrer grounds of an affidavit of illegality filed by the administrator and administratrix of the deceased endorser, they being defendants in execution, alleging that the notes upon which the judgment was rendered were given for the purchase of certain personal property, that the execution issued from such judgment was levied thereon, the property being at the time of sufficient value to satisfy the execution, that after the levy the plaintiffs took possession of the property and sold it at private sale to one who removed it beyond the limits of the county, that all this was done without the consent of the administrator and administratrix, and that in consequence of this conduct of the plaintiffs they failed to make the amount due on the execution out of the property thus disposed of and which was primarily subject to their judgment.

3. An allegation in an affidavit of illegality that an execution has been fully paid off and satisfied since the rendition of the judgment, is good in substance and should not be stricken on general demurrer.  A special demurrer alleging that there was a

failure to state to whom the payment was made, would be well taken.

4. It appearing that one of the grounds of the affidavit of illegality, which was not stricken by the court, involved issues of fact, and that the evidence upon these issues was conflicting, it was error for the judge to direct a verdict for the plaintiffs.

June 10, 1895.                              *Judgment affirmed.*

Illegality. Before Judge Smith. Dodge superior court. September term, 1894.

On April 16, 1883, Frick & Company brought suit upon two promissory notes for $500 each, dated March 17, 1881, due January 1 and July 1, 1882, with interest from date. Each stipulated that the title and ownership of the steam engine, boiler, saw-mill or other machinery for which it was given should remain in Frick & Co. until the note was paid in full, together with all reasonable attorney's fees and expenses for collecting, if not paid at maturity. The notes were signed, "J. C. Powell & Co." They were indorsed: "For consideration not herein named, we guarantee the payment of this claim and waive notice of protest. (Signed) Jno. W. Griffin." The declaration alleged that J. C. Powell and E. D. Griffin as makers, and Jno. A. Wooten as administrator and Anna E. Griffin as administratrix of Jno. W. Griffin, deceased, as indorser, were indebted, etc. J. C. Powell and E. D. Griffin each were served by the sheriff; and service was acknowledged by the administrator and administratrix named. On January 19, 1885, in default of any issuable defence on oath, the court rendered judgment in favor of plaintiffs "against the defendants, J. C. Powell & Co. as makers, and against E. D. Griffin, a member of said firm, personally, and against Anna E. Griffin and Jno. A. Wooten as administratrix and administrator of the estate of Jno. W. Griffin, deceased, indorser, to be levied upon goods, chattels, lands and tenements of the estate of Jno. W. Griffin in the hands of the said administratrix and administrator, Anna E. Griffin and Jno. A. Wooten," for $1,000 principal, $268.30 in-

terest, $100 attorneys fees, and $13 cost.    The execution issued upon this judgment having been levied upon a lot of land, Griffin *et al.*, administrators, interposed   an affidavit of illegality on the following grounds:

1. J. C. Powell died on November 1, 1883, no parties were made to represent him, and his estate was unrepresented at the time the judgment was rendered; for which reason, and because the same was rendered against J. C. Powell & Co., when no such person was sued or served, the judgment was illegal and void.

2. The contract of Jno. W. Griffin was a contract of suretyship, there being no consideration to sustain the contract as of indorser for value or as guarantor, and if liable at all, it would be as joint maker or surety; and the failure to sue the principals, J. C. Powell & Co., was an act by plaintiffs which injured Jno. W. Griffin's estate and increased its risk and exposed it to greater liability.

3. On August 2, 1887, the execution was levied on one 25 horse-power engine on sills with saw-frames (and other machinery enumerated), all of the value of $1,500.    In the fall of that year said property was taken possession of by plaintiffs, and by their agent and attorney at law was sold at private sale to D. L. Gibbs, who took possession, carried the property out of the county and converted it to his own use, without the consent of E. D. Griffin or the administrators of J. W. Griffin, deceased indorser; whereby the estate of said deceased, E. D. Griffin and J. C. Powell & Co. were released, and said conduct of plaintiffs operated as a rescission of the contract.

4. The consideration of  the  contract upon which the judgment was founded was the purchase by J. C. Powell & Co. from Jno. W. Griffin, agent of plaintiffs, of a steam saw-mill heretofore described as levied upon, for $2,450, for which five notes were given, three of which, amounting to $1,450, were taken up and cancelled, and the remainder sued to judgment.    Plaintiffs, having a lien upon

the property so levied upon for the purchase money, should have made any balance due out of said property; and their failure to do so, under the circumstances recited in the third ground, operates as a discharge of defendants.

5. No explanation is made of said levy on the saw-mill and other machinery (which was of the value of $1,500), nor any entry of disposition by the officer into whose possession it was taken; which operates as a discharge and satisfaction of the execution.

6. The execution has been fully paid off and satisfied since the rendition of the judgment.

On demurrer the court struck all the foregoing grounds except the first and fifth; which ruling is assigned as error.

Plaintiffs introduced a written agreement between themselves (signed for them by their agent) and Jno. A. Wooten, administrator of the estate of Jno. W. Griffin, dated February 26, 1884, reciting the pendency of the suit on the notes, the consideration for which was a steam saw-mill which E. D. Griffin, surviving partner of the firm of J. C. Powell & Co., about February 1, 1884, turned over to Dwight Gibbs with the understanding that Gibbs was to move it about fifteen miles from Eastman, Dodge county, and there operate and run it, for the use of which he was to pay plaintiffs, or their attorneys Roberts & Smith, $50 per month as long as he should run the mill, which amounts so paid should be credited on the claim of plaintiffs against J. C. Powell & Co., makers, and the administrators of the estate of Jno. W. Griffin, indorser. Thereupon Jno. A. Wooten covenants and agrees with plaintiffs that the liability of the estate of Jno. W. Griffin shall not in any wise be lessened by the agreement between Gibbs, E. D. Griffin and plaintiffs, only so far as the payments of Gibbs shall operate to reduce said indebtedness; that the suit shall not abate but shall proceed; and that the collection of said claim after the same has been reduced to judgment shall not be stayed in any wise. To the admis-

sion of this agreement in evidence defendants objected, on the ground that an administrator had no authority to enter into such an agreement. The objection was overruled, and error is assigned.

E. A. Smith, attorney for plaintiffs, testified that he wrote the entry of levy on machinery, indorsed on the execution; that the machinery was never seized by the officer, and about the time the entry was made, W. B. Whiddon, acting as agent for Jno. A. Wooten as administrator and A. E. Griffin as administratrix of the estate of Jno. W. Griffin, sold the machinery to D. L. Gibbs; that plaintiffs had nothing to do with the matter, and witness was not authorized by them to seize and sell the property and made no attempt to do so. The purchase money was to be paid to him by Whiddon on account of the execution, and Whiddon did pay him a small portion thereof. His recollection was that about $300 was paid about the date of the indorsement of the levy. Whiddon was representing E. D. Griffin also. Plaintiffs were non-residents, and knew nothing of what transpired between Whiddon and Gibbs. All witness had to do with the matter was to receive the money that was paid on account of the execution.

E. D. Griffin testified that the property described in the levy of August 2, 1887, was worth $1,500 at that time. J. C. Powell died on November 1, 1883, leaving a half-interest in a wagon worth $150, and a half-interest in the saw-mill levied on. J. C. Powell & Co. paid all but about $1,000 of the purchase money, which was about $2,400.

J. A. Wooten testified that W. B. Whiddon was not the agent of the estate for the sale or disposition of the saw-mill, was only agent for such matters as were placed in his hands by the administrator, and had no authority from the administrators of the estate of J. W. Griffin.

The court directed a verdict and rendered judgment in favor of plaintiffs, and defendants excepted.

*DeLacy & Bishop,* for plaintiffs in error.

*D. M. Roberts* and *E. A. Smith,* contra.