HERRINGTON, deputy-sheriff, *v.* BLOCK.

Where there is pending in the superior court a *certiorari* from a city court, directly involving the validity of a judgment for money, rendered by the latter court, and the sheriff is seeking to enforce by levy and sale an execution issued thereon, the judge of the superior court may, upon a proper application, pass an order directing the officer to suspend all further proceedings upon such execution until after the trial of the *certiorari* and the determination therein of the questions made with reference to the validity of such judgment.

March 23, 1896. Argued at the last term.

Rule. Before Judge Hardeman. Bibb superior court. April term, 1895.

*Harris & Harris*, for plaintiff in error.
*Freeman & Griswold*, contra.

SIMMONS, Chief Justice.

Tinsley obtained a judgment in the city court of Macon against A. & N. M. Block, and an execution was issued thereon and levied by the sheriff. Subsequently the de-fendants filed a motion to vacate the judgment, which motion was dismissed upon demurrer; and upon this ruling they assigned error by petition for *certiorari*. The petition was sanctioned by the judge of the superior court, and the writ of *certiorari* issued. The writ was exhibited to the sheriff and he was requested to stop the sale of the property levied upon, but refused to do so. The plaintiffs in *certiorari* then filed a petition to the judge of the superior court, praying for a rule against the sheriff to show cause why he should not be required to desist and forbear to sell the property levied on, until the final hearing of the *certiorari*, and that an attachment for contempt issue against him. To this petition the sheriff demurred on several grounds; the demurrer was overruled and the rule *nisi* made absolute, and the sheriff was ordered to desist and forbear to sell the property until final hearing of the *certiorari*. To this judgment the sheriff excepted.

Under this state of facts, the judge of the superior court did not err in passing the order excepted to. When the case was removed from the city court to the superior court by the writ of *certiorari*, the latter court had exclusive jurisdiction over the case. The petition for *certiorari* must, in the opinion of the judge of the superior court, have made a *prima facie* case showing error in the judgment of the city court, or he would not have sanctioned the writ. This could not be determined until the final hearing of the *certiorari*. If the judge at that hearing had determined that the judgment of the city court was erroneous, he would doubtless have directed the judge of the city court to rein-state the motion to vacate and to set aside the judgment sought to be vacated; but this would have been useless if the officer had sold the property in the meantime. The peti-

tioners would have been greatly damaged by the seizure and sale of their property under an erroneous judgment. It is true they could have recovered the property from the purchaser if the judgment upon which the execution issued was void, but that would have given rise to other and further litigation. So we think the judge of the superior court did not err, but exercised a wise discretion, in restraining the officer from selling.    *Judgment affirmed.*