## PINKSTON v. HARRELL et al.

1. A purchaser at a judicial sale must comply with his bid, whether the property offered for sale is the property of the defendant in execution or not. It follows therefore that where such purchaser is the plaintiff in execution, the sheriff will, upon a proper proceeding by the defendant in execution, be compelled to enter the amount of the bid as a credit upon the execution.
2. It is settled law of this State that an affidavit of illegality is not a remedy for an excessive levy.

Submitted October 22, — Decided November 26, 1898.

Equitable petition. Before Judge Sheffield. Quitman superior court. March term, 1898.

*Hickey & Fort,* for plaintiff.    *W. C. Worrill,* for defendants.

COBB, J. Pinkston brought his petition against Guilford, sheriff, Harrell, former sheriff, and C. G. Mercer, alleging that J. W. Mercer had obtained a judgment against him for four

hundred dollars principal, with interest from February 21, 1890, at 7 per cent. per annum, and that the execution issued on such judgment was controlled by C. G. Mercer; that Harrell as sheriff had levied such execution upon an undivided one-half interest in lot of land 128 in the 8th district of Quitman county, and that the same was sold to C. G. Mercer for the sum of $372, which amount should have been entered as a credit upon the execution, but was not, the sheriff refusing to make the entry. Petitioner had paid upon the execution after the levy and before the sale $268, which, together with the amount bid at the sale, was more than sufficient to satisfy the execution; and the sheriff refuses to turn over to him the excess in his hands. Guilford as sheriff had levied the same execution upon the whole of lot 128 in the 21st district of Quitman county, and as soon as petitioner was apprised of this he placed an affidavit of illegality in the hands of the sheriff, in which it was alleged that the fi. fa. was proceeding illegally, for the following reasons: (1) That the amounts paid before the sale, added to the amount bid at the sale, were sufficient to pay off the fi. fa. before the second levy was made. (2) Because the levy is excessive. The sheriff disregarded the affidavit of illegality and sold the land to C. G. Mercer for $50, which was a grossly inadequate price, the land being well improved and worth at least one thousand dollars. The lots described in the two levies are the same. After the first sale petitioner paid to C. G. Mercer sums aggregating $78.79, which should be paid back, as at the time of their payment the execution was fully paid off. Petitioner has been compelled, by the wrongful conduct of defendants, to employ counsel at an expense of $150. Waiving discovery, he prays that the sheriff be enjoined from giving Mercer a deed or from putting him in possession under and by virtue of the second sale, and that Mercer be enjoined from entering into possession or exercising any right of possession thereunder; that the second sale be declared void, and any deed made thereunder be canceled and set aside; and that Harrell, former sheriff, be required to turn over to petitioner the amounts realized from the first sale in excess of the amount due on the execution; and for general relief. By amendment the petitioner

struck from the petition the name of Harrell as a party, and all allegations as to damage by him, and the prayer for relief as against him; and further amended the petition by substituting $276 for $372 as the amount for which the property was sold at the first sale; and by striking all allegations of indebtedness on the part of C. G. Mercer to the plaintiff. The execution under which the levies were had is attached to the petition as an exhibit, and upon it is an entry of the sheriff that the undivided half-interest in lot No. 128 in the 8th district was levied on as the property of the defendant in fi. fa. The petition as amended was dismissed on a general demurrer filed by the defendants, and to this the petitioner excepted.

1. The petition alleges that a sale was had pursuant to the first levy, and the demurrer admits that this is true. The execution attached to the petition as an exhibit contains an entry of the sheriff showing that the property was levied on as the property of the petitioner, who was the defendant in execution. The petition further alleges that the plaintiff in execution bid in the property at that sale at an amount which, together with certain credits on the execution, was sufficient to satisfy it. It further appears that the plaintiff in execution repudiated his bid, and that the sheriff acquiesced in such repudiation and refused to enter as a credit on the execution the amount bid by the plaintiff. That a purchaser at a judicial sale is bound to comply with his bid, even though he gets no title to the property offered for sale, is the well-settled law of this State. In the case of McWhorter v. Thompson, 8 Ga. 300, it was held that, "Where property of a defendant in execution is seized and sold by the sheriff, and there is no warranty of title, on the part of the defendants in execution, or the sheriff, the maxim of caveat emptor applies to the purchaser of property at sheriff's sale; and the purchaser at sheriff's sale can not maintain an action against the defendant in execution, for so much money paid to his use, on failure of such title to the property so purchased." See also Worthy v. Johnson, 8 Ga. 236, (5); Methvin v. Bexly, 18 Ga. 551. In the case of Crafton v. Toombs, 58 Ga. 343, it was held that in the distribution of a fund realized from the sale of property which was levied on as the property of the de-

fendant in fi. fa., the fund would be awarded to the oldest judgment against him, notwithstanding he had no title to the property sold. In *Colbert* v. *Moore*, 64 *Ga.* 502, it was ruled that "A purchaser of property at administrator's sale can not repudiate his bid because of a defective title, or no title at all in the intestate, when there is no fraud or misrepresentation by the administrator." In the case of *Jinks* v. *Am. Mtg. Co.*, 102 *Ga.* 694, it was held that, "Where an execution is levied upon the property of the defendant, and at a sale had in pursuance of the levy the property brings a sum equal to, or greater than, the amount due upon the execution, such sale satisfies the judgment; and the process is thenceforth functus officio, whether marked 'satisfied' or not." It was further ruled that "An entry by the sheriff upon such execution, stating the facts above indicated, so long as it stands unchallenged upon the record, is presumptively correct; and in the trial of an issue formed upon an affidavit of illegality alleging payment, which was filed to arrest a subsequent levy of the same execution, such entry concludes the plaintiff." Three things are settled by the decisions cited above: (1) That a purchaser at a judicial sale must comply with his bid, whether the property offered for sale is the property of the defendant in execution or not; (2) that a sale regularly had pursuant to law, if the amount bid equals or exceeds the amounts due on the execution, satisfies the judgment against the defendant in execution; and (3) that the plaintiff in execution is precluded, by an entry of sale by the sheriff on the execution, from showing that there had been in fact no sale. In the present case the execution shows that there was a levy, and the petition alleges that there was a sale pursuant to that levy. A petition showing these facts is good against a general demurrer. The plaintiff in execution, who was alleged to be the purchaser at the sale, can defend by showing either that there was no sale, or a state of facts which would, either legally or equitably, preclude the defendant in fi. fa. from claiming any benefit under the alleged sale. Should he fail to make any proper defense, the court should decree that he comply with his bid, and that the sheriff enter the amount of the same as a credit upon the execution. If it appears that

the bid was of a sufficient amount to pay off the execution, then it would be satisfied. If the amount of the bid was greater than the sum due on the execution, the purchaser should be required to pay over to the sheriff for the use of the defendant in execution the balance remaining after the execution is satisfied. The petition in the present case set forth a cause of action, and should not have been dismissed on demurrer.

2. It is settled law of this State that an affidavit of illegality is not a remedy for an excessive levy. *Mannery* v. *Shepard*, 57 *Ga.* 68; *Rogers* v. *Felker*, 77 *Ga.* 46.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*