## WHEELER *v.* WHEELER.

EVANS, P. J. 1. Under the Civil Code, § 6165, a bill of exceptions operates as a supersedeas in a civil case where the plaintiff in error, on or before filing it with the clerk of the superior court, pays the costs and gives the prescribed bond, or files with the clerk in lieu thereof an affidavit in forma pàuperis, as prescribed by the statute.

2. A supersedeas results only when the statute has been complied with. The affidavit in forma pauperis is the substitute for the bond, and must be filed "on or before filing the bill of exceptions." The filing of the affidavit several days after the filing of the bill of exceptions will not suffice to comply with the statute. *Parker-Hensel Engineering Co.* v. *Schuler,* 133 *Ga.* 696 (66 S. E. 800).

3. No order of court is necessary to give effect to a supersedeas (obtained under the Civil Code, § 6165) resulting from compliance with the statute; and where no supersedeas has resulted because of non-compliance therewith, no order of court is necessary for the issuance of an execution on the judgment. Inasmuch as the motion in this case was to set aside a supersedeas because of a failure to comply with the statute, and the judgment complained of is that the court vacated such supersedeas,

and it appearing that no supersedeas in fact did exist, the judgment of the court will be affirmed.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
MARCH 11, 1913.

Vacation of supersedeas. Before Judge Fite. Dade superior court. March 20, 1912.

*W. U. Jacoway* and *Foust & Payne,* for plaintiff in error.

*J. P. Jacoway, H. P. Lumpkin,* and *T. J. Lumpkin,* contra.