### 6743.  GEORGIA NORTHERN RAILWAY CO. v. HOME MERCANTILE CO.

BROYLES, J.   1.  No error appears in the refusal of the magistrate to grant a continuance; for, so far as the petition for certiorari shows, the petitioner's counsel, on account of whose absence the continuance was sought, instead of being absent, was present in court.

2.  The dismissal of the affidavit of illegality left no issue for determination by a jury, and the verdict was therefore a useless formality. It is therefore immaterial in this case that the jurors who purported to act were not summoned at least five days before the court, as provided by law.

3.  The grounds of the petitioner's affidavit of illegality were wholly insufficient in law to stay the levy of the execution. That a levy is exces-

sive affords no valid ground for an affidavit of illegality. *Manry* v. *Shepperd*, 57 *Ga.* 68 (7); *Pinkston* v. *Harrell*, 106 *Ga.* 102 (2), 106 (31 S. E. 808, 71 Am. St. R. 242). And for any defect in the advertisement of sale the defendant in execution has his remedy against the officer, but has no ground for a stay of the execution. *Jeffries* v. *Bartlett*, 75 *Ga.* 231; *Treadwell* v. *Beauchamp*, 82 *Ga.* 736 (9 S. E. 1040).

4. The proffered amendment to the affidavit of illegality was fatally defective, first, because, in the affidavit supporting it, the affiant failed to swear that he did not know of the existence of this ground when the original affidavit of illegality was made; and further, the ground is itself without merit, because the affidavit seeks to go behind the judgment, and, while attempting to show no *record* of service, does not allege that the defendant company had not in fact been served with process or had not had its day in court. Civil Code, § 5311; *Bird* v. *Burgsteiner*, 108 *Ga.* 654 (34 S. E. 183); *Cobb* v. *Pittman*, 49 *Ga.* 579. The justice of the peace, therefore, properly refused to allow the amendment and correctly dismissed the illegality on demurrer; and the judge of the superior court did not err in refusing to sanction the certiorari.

*Judgment affirmed.*

DECIDED MARCH 27, 1916.

Petition for certiorari; from Brooks superior court—Judge Thomas. May 28, 1915.

*George R. Kline, Shipp & Kline*, for plaintiff in error.

*J. G. McCall*, contra.