## 6742.   GEORGIA NORTHERN RAILWAY CO. *v.* CONE.

WADE, J.   1. The .petition for certiorari alleges: "Your petitioner also filed a motion for a continuance in said matter, setting forth the grounds that he was the only attorney. employed in said case and his presence was demanded in the United States .court, under summons, at Albany, Georgia. Said motion was overruled, and petitioner alleges same to be error." From this recital it does not definitely appear that the attorney for the defendant was either absent from the justice's court on the day of the trial or compelled to absent himself before or during the trial. Whether his presence was demanded in the United States court on that day or on another day is not disclosed; and, since it was incumbent upon the petitioner for the writ of certiorari to plainly and distinctly set forth the errors complained of, this assignment of error raised no question for determination by the judge of the superior court.

2. It not appearing from the petition for certiorari that injury to the petitioner resulted from the fact that the jurors who tried the case in the justice's court had been summoned less than.five days before the court at which they were called upon to serve (Civil Code, § 4743), this fact did not require that the certiorari should be sanctioned. See *Georgia Northern Ry. Co.* v. *Home Mercantile Co.*, ante, 755.

3. The affidavit of illegality was legally insufficient, and the court properly dismissed the same.

(a) An excessive levy is no ground for illegality. *Manry* v. *Shepperd*, 57 *Ga.* 68 (7); *Pinkston* v. *Harrell*, 106 *Ga.* 102, 106 (2) (31 S. E. 808, 71 Am. St. R. 242).

(b) Nor would the fact that the advertisement was irregular be a sufficient ground for a stay of the execution, but the remedy of the defendant in execution would be against the officer. *Jeffries* v. *Bartlett*, 75 *Ga.* 230 (3 a.); *Treadwell* v. *Beauchamp*, 82 *Ga.* 736 (9 S. E. 1040).

4. Without reference to the other recitals therein, the amendment to the affidavit of illegality was properly rejected by the court, since it contained no averment under oath that when the original affidavit was filed the defendant did not know of the additional grounds set out in the amendment. Civil Code, § 5704. See also *Mosley* v. *Fryer*, 102 *Ga.* 564 (27 S. E. 667).

5. The judge of the superior court did not err in refusing to sanction the petition for certiorari.   *Judgment affirmed. Russell, C. J., absent.*

DECIDED APRIL 17, 1916.

Certiorari; from Brooks superior court—Judge Thomas.   May 28, 1915.

*George R. Kline, Shipp & Kline,* for plaintiff in error.

*J. G. McCall,* contra.