### 11834.  JONES *v.* CRAWFORD.

JENKINS, P. J.  Where, in a proceeding under a dispossessory warrant, the defendant has made the counter-affidavit and given the bond required by law, and a suit for a general judgment against him and his bondsmen thus becomes pending, the plaintiff is entitled to the cumulative remedy of garnishment as provided by the code. Furthermore, any proper proceeding to dismiss or dissolve a garnishment must be taken in the court where the suit is pending; and consequently the superior court did not have original jurisdiction, on a petition to dismiss or dissolve the garnishment, to interfere with such a proceeding, which had been instituted in the court where the suit was tried, even though the writ of certiorari had been granted from the proceedings on the suit; since the granting of such a writ does not operate to transfer the entire case from the inferior to the superior court. *Loeb v. Mangum,* 134 *Ga.* 335, 337 (67 S. E. 882); *Miller* v. *Gay,* 98 *Ga.* 536 (25 S. E. 577). Were the plaintiff attempting to proceed with the enforcement of the judgment obtained in the trial court, pending the determination of the certiorari, in such a way as to violate the supersedeas resulting from its issuance, the rule would be otherwise. *Herrington* v. *Block,* 98 *Ga.* 236 (25 S. E. 426).

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED APRIL 14, 1921.

Certiorari; from Fulton superior court — Judge Ellis.  June 28, 1920.

*S. C. Crane, J. L. Moore,* for plaintiff in error.

*R. R. Jackson,* contra.