## 12906. JOHNS v. McBRIDE.

JENKINS, P. J. 1. While the sanction of a certiorari operates as a supersedeas to hold the case in statu quo from that time (Civil Code of 1910, § 5191), it does not operate retroactively to undo what has previously been done under the judgment complained of. *Seamans* v. *King,* 79 *Ga.* 611, 613 (5 S. E. 53); *Gurr* v. *Gurr,* 95 *Ga.* 559 (22 S. E. 304); *Board of Commrs. of Burke County* v. *Wimberly,* 55 *Ga.* 570; *Herrington* v. *Block,* 98 *Ga.* 236, 237 (25 S. E. 426).

2. The plaintiff's exceptions to the trial judge's answer merely set up that before the certiorari had been sanctioned, an execution had been issued and levied on the automobile involved in the trover suit, and the proceeds of sale, amounting to only a small part of the judgment and execution, had been credited on the execution. Thus, while the subsequently obtained supersedeas did not nullify the sale under the execution, the defendant was still entitled to contest the remainder of the indebtedness by a review of the judgment; and while the sale of the automobile may operate to prevent the plaintiff on another trial from electing other than a money verdict, he cannot be heard to say that the proceeding is thus rendered moot so as to defeat the defendant's right of certiorari.

3. Unless the verdict rendered was absolutely demanded by the evidence, which does not appear in this case, this court will not disturb the first grant of a new trial, even though the grant was based solely upon a single question of law, in the determination of which it was unnecessary to consider the evidence in the case. *Macon Consolidated Street R. Co.* v. *Jones,* 116 *Ga.* 351 (42 S. E. 468); *Strickland* v. *Reese,* 110 *Ga.* 263 (34 S. E. 275); *Ferry* v. *Mattox,* 118 *Ga.* 146 (44 S. E. 1005); *Cox* v. *Grady,* 132 *Ga.* 368, 370 (64 S. E. 262); *Weinkle* v. *Brunswick &c. R. Co.,* 107 *Ga.* 367 (1), 368 (33 S. E. 471). In the instant case there was conflicting evidence relative to the alleged authority to sell given by the plaintiff to the person from whom defendant purchased

the property, and this court will not disturb the judgment sustaining the certiorari. *Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED JUNE 14, 1922.

Certiorari; from Bibb superior court — Judge Malcolm D. Jones. August 20, 1921.

*Gillon & Churchwell*, for plaintiff in certiorari.

*Martin & Martin*, contra.