Submitted on briefs April 22; affirmed May 19, 1931

# WALKER *v.* SUTHERLAND, Alien Property Custodian, et al.

### (299 P. 335)

*G. E. Hamaker,* of Portland, for appellants.

*George Neuner,* U. S. Attorney, of Portland, for respondent Howard Sutherland.

*John R. Latourette,* of Portland, pro se.

CAMPBELL, J. In May, 1928, an action was commenced in the circuit court of Multnomah county by Howard Sutherland, as Alien Property Custodian of the United States, against Edward W. Wickey, Dow V.

Walker, and August Wemme to recover certain sums of money. On issues joined, a trial to a jury was had, and resulted in a verdict in favor of said plaintiff and judgment entered thereon March 28, 1929. From said judgment an appeal was taken to this court and the judgment affirmed.

The defendants therein thereupon filed a petition for a writ of certiorari to the Supreme Court of the United States. Said petition was therein dismissed on December 1, 1930, and the judgment thereupon against the defendants therein became final.

In all the proceedings in the state courts, the plaintiff therein was represented by John R. Latourette, a reputable practicing attorney of this state. In the proceedings before the United States Supreme Court, the Alien Property Custodian was represented by Solicitor General Thacher, of the office of the Attorney General of the United States, as well as by special assistants.

The instant suit is instituted to set aside said judgment for the reason that the complaint and other proceedings upon which it is based were not signed, nor was the action prosecuted, by any of the regularly appointed United States attorneys or by any counsel duly appointed or authorized by the Attorney General of the United States. The complaint alleges that the defendants herein conspired together and brought the above-mentioned action from ulterior motives and without the authority of the Department of Justice of the United States. Defendants filed separate demurrers to the complaint on the ground that it did not state facts sufficient to constitute a cause of suit. The demurrers were sustained and judgment of dismissal entered, and plaintiffs appeal.

The complaint alleges that one of the reasons that actuated the defendant Latourette was that he wished to collect a judgment in another case against the defendant Wickey. We cannot see how the bringing of the action complained of would help him to make such collection. There is a further allegation that defendant Latourette desired to get an attorney's fee in said action at law. This may indeed be, and in all probability is, true. The writer of this opinion, with an experience of thirty-eight years at the bar, has not found many attorneys of so philanthropic a mind that they were willing to undertake and prosecute actions from purely altruistic ideals and without hope of reward for their labors. There is no allegation that he expected, or sought to collect any fee from the defendants therein. There are allegations in the complaint of certain wrongful acts of the defendant Sutherland (plaintiff in the action at law) in the discharge of his duties as Alien Property Custodian, and that defendants in the action at law, were entitled to certain credits against the sum claimed by plaintiff in that action. It is also alleged that defendant Sutherland (plaintiff in the action at law) recovered judgment against the defendants therein and is now attempting to enforce it by execution.

The only question presented by the pleadings herein is the validity of the judgment obtained in the action at law by reason of the plaintiff therein being represented by an unauthorized attorney. No attempt was made, until after final judgment therein, to question the capacity in which the attorney appeared. There is nothing in any of the proceedings to indicate that he was specially appointed by the Department of Justice to bring said action. His appointment as special counsel would be a matter of public record and this

fact would have been just as easily discovered during the progress of the litigation as it was at the time it was found out by the therein defendants.

The United States revised statute places the legal end of all litigation in which the United States is directly interested under the direction and control of its Department of Justice. (U. S. C. A., title 5, ch. 5, sec. 306 et seq.)

"The relation of the attorney general to any one of the departments in reference to law suits in the business of the latter is that of counsel and client, determining matters of law, but leaving all considerations of mere administrative expediency to the proper department": (1855) 7 Ops. of Attorney General 576.

The right to question the authority of an attorney to appear for a party during the progress of the litigation is fully covered in *Sutherland v. International Insurance Co.,* 43 Fed. (2d) 969, in which the court says:

"While therefore there is no doubt in our mind that the suit when first filed was subject to dismissal because the plaintiff was not properly represented, it would, under most authorities have been too late to raise the question after answer and at a hearing. The objection has generally been treated like incapacity to sue; * * * Courts have generally, however, insisted that the defendant must raise the point in limine; * * * It is not necessary to do more than enumerate some of the many decisions which have so held." (Citing numerous decisions.)

And again:

"The defendant raised the question of the attorneys' lack of authority with his answer, and it was therefore in season under most of the decisions. Strictly speaking, therefore, the decision of the Supreme Court [*Pueblo of Santa Rosa v. Fall,* 273 U. S. 316, 47 S. Ct. 361, 71 L. Ed. 658] did not involve the point before us, but the language used leaves us no alternative but to say that the court meant to base its decision squarely upon the ground that the objection

is good at any time. * * * The language we rely on is this: 'Whether, as a matter of practice, the challenge to the authority of counsel was seasonably interposed it is not important to decide, for in any event the trial court, or this court, has power, at any stage of the case, to require an attorney, one of its officers, to show his authority to .appear' '': *Sutherland v. International Insurance Co.,* supra.

''The general rule seems to be that a plaintiff who has been made a party to litigation without his authority or assent may have relief against a judgment in the same circumstances which would induce a court of equity to grant relief to the defendant in a converse case'': *Anderson v. Crawford,* 147 Ga. 455 (94 S. E. 574, L. R. A. 1918B, 894).

■ In every case cited by able counsel where the question was raised after judgment, it was by the party for whom an unauthorized attorney appeared and no case has been called to our attention, nor have we been able to find any, where the court interfered with a judgment against a party who was properly represented by counsel, on the ground that the judgment creditor had been represented by unauthorized counsel. The general rule seems to be that at any stage of the proceedings, in any case, when it is properly suggested to the court that a party plaintiff is represented by unauthorized counsel, the court may call such counsel to show his authority, and if he is unauthorized, the court may suspend further proceedings or dismiss the suit or action so far as such party is concerned. If the party for whom such unauthorized appearance is made ratifies the action of such attorney, the cause may proceed in the same manner as if the attorney were authorized in the first instance. If however, the cause has proceeded to final judgment without such question being raised, then only the party who was not properly represented may take advantage of such unauthorized appearance.

■ The matters litigated in the action at law cannot be relitigated in the instant suit.

"The frauds for which a bill to set aside a judgment or a decree between the same parties, rendered by a court of competent jurisdiction, will be sustained, are those which are extrinsic or collateral to the matter tried and not a fraud which was in issue in the former suit. The cases where such relief has been granted are those in which, by fraud or deceptive practice on the unsuccessful party, he has been prevented from exhibiting fully his case, by reason of which there has never been a real contest before the court of the subject-matter of the suit": *U. S. v. Throckmorton,* 98 U. S. 61 (25 L. Ed. 93).

The complaint herein may be considered as a direct attack upon the judgment in question, as it would seem that the question may be raised either by motion in the original action, or by an independent suit in equity (2 R. C. L. 984). In any event, the court will consider the substance rather than the form.

■ The Department of Justice of the United States brought the United States into court and ratified the act of its agent, the Alien Property Custodian, in employing special counsel, by its appearance in the United States Supreme Court in opposition to the petition for certiorari. In the instant case, the United States District Attorney for the District of Oregon is appearing for defendant Sutherland, amounting to a further ratification, if that were necessary: *McLaughlin v. U. S.,* 107 U. S. 527, 108 U. S. 510 (2 S. Ct. 802, 862, 27 L. Ed. 621, 806) ; *State ex rel. v. Fendal,* 135 Or. 142, 145 (295 P. 194).

The trial court committed no error in sustaining the demurrer and dismissing the case and its decree and judgment is affirmed.