## 22883. WALKER *v.* TATE.

JENKINS, P. J. 1. "Errors in an advertisement of property levied on can not properly be made the ground of an affidavit of illegality, but the party suffering thereby will be remitted to his remedy against the officer." *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (3) (82 S. E. 774); *Jeffries* v. *Bartlett,* 75 *Ga.* 230 (3-a); *Treadwell* v. *Beauchamp,* 82 *Ga.* 736 (9 S. E. 1040). The grounds of the affidavit of illegality in this case, setting up that an execution levied upon "a certain Dalton sawmill outfit" and "Fordson tractor" issued and was proceeding illegally, "because the Fordson tractor attempted to be sold is not the Fordson levied upon as described in the levy and in the mortgage," and "because the sawmill outfit advertised to be sold is not advertised as required by law," as to "the place where same could be inspected by bidders so as to enable them to see and inspect said sawmill outfit," were therefore without merit.

2. Affidavit of illegality is a proper defensive remedy, where applicable under our statutes, to attack a judgment which is wholly void. *Williamson* v. *Williamson,* 154 *Ga.* 788 (115 S. E. 805); *Bedingfield* v. *First National Bank,* 4 *Ga. App.* 197 (3), 204 (61 S. E. 30). But "if the defects alleged to exist in a judgment or decree amount only to irregularities, they should be corrected by a motion for that purpose made in the court which rendered it." *Brantley* v. *Greer,* 71 *Ga.* 11, 13.

3. Where there is a verdict and judgment for one amount including interest, without separating the principal and interest, "the defect in the verdict and judgment in this case may be remedied," although such an error may be taken advantage of by timely motion in arrest of judgment. *Bishop* v. *Pendley Lumber Co.,* 141 *Ga.* 826 (2) (82 S. E. 237). In the instant case such a ground afforded no basis for an affidavit of illegality. Moreover, it appears from the affidavit itself that a motion in arrest of judgment was filed by the defendant at the time of filing his affidavit and before the close of the term at which the judgment was rendered. If the motion in arrest included the ground complained of, it should be determined by a decision on that ground. If it did not include such ground, it should have included it, in order to properly raise the question. That a motion in arrest of judgment is

pending (the grounds of which do not appear in the record) does not of itself afford a proper ground for an affidavit of illegality.

3. The judge, on motion, properly struck the affidavit of illegality.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED AUGUST 12, 1933.

*William E. & W. Gordon Mann,* for plaintiff in error.
*R. Carter Pittman, Julius Rink,* contra.