## FELKER *v.* JOHNSON.

798

No. 12986.   February 14, 1940.   Rehearing denied March 15, 1940.

*J. H. Felker,* for plaintiff. *Roberts & Roberts,* for defendants.

REID, Chief Justice. ■ The allegation to the effect that the petitioner is not indebted to Johnson, "having settled with him in full," is defective, because it does not appear when the alleged settlement was made. The petitioner can not, after judgment, set up a settlement of the cause of action, made before rendition of the judgment. Code, §§ 39-1009, 110-501. *Terry* v. *Bank of Americus,* 77 *Ga.* 528 (2) (3 S. E. 154). See *Parker* v. *Rosenheim,* 97 *Ga.* 769 (25 S. E. 763). Compare *Griffin* v. *Frick,* 97 *Ga.* 219 (3) (23 S. E. 833) ; *Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561 (4) (122 S. E. 323). If the *judgment* had in fact been paid or otherwise settled, this should have been distinctly and

unequivocally alleged. See *Griffin* v. *Frick, Terry* v. *Bank of Americus,* supra.

■ It is alleged that "said attorneys (Roberts & Roberts) do not represent said Johnson; that the latter has sworn that he did not employ them or Orrin Roberts in said case vs. petitioner," and demand is made that they produce written evidence "that they are Johnson's attorneys." Since it is not necessary that a party in whose favor a judgment has been regularly entered be represented by counsel at the time the execution issued on the judgment is levied, we assume that it was the intention of the petitioner to charge that the attorneys who purported to represent the plaintiff at the trial which resulted in the rendition of the judgment were not in fact employed by the plaintiff. We find no case in this State wherein a defendant has, after judgment, questioned the authority of the attorneys who appeared in the trial on behalf of the plaintiff. It seems clear, however, that this is an effort to set up a matter which should have been inquired into at the trial. The petitioner could have required the attorneys purporting to represent the plaintiff at the trial to produce or prove the authority under which they appeared (Code, § 9-604), and upon their failure to do so a motion to dismiss the case would have been in order. The case of Walker *v.* Sutherland, 136 Or. 355 (299 Pac. 335), was a proceeding by a defendant to set aside a judgment for a reason identical with that alleged here. The court said: "In every case cited by able counsel, where the question was raised after judgment, it was by the party for whom an unauthorized attorney appeared, and no case has been called to our attention, nor have we been able to find any, where the court interfered with a judgment against a party who was properly represented by counsel, on the ground that the judgment creditor had been represented by unauthorized counsel. The general rule seems to be that at any stage of the proceedings, in any case, when it is properly suggested to the court that a party plaintiff is represented by unauthorized counsel, the court may call such counsel to show his authority; and if he is unauthorized, the court may suspend further proceedings or dismiss the suit or action so far as such party is concerned. . . If, however, the cause has proceeded to final judgment without such question being raised, then only the party who was not properly represented may take advantage of such unauthorized appearance." Should we concede

that the plaintiff is entitled to make this point after judgment, we would be forced to hold that it is unfounded, for in fact it appears that the plaintiff appeared in person and testified at the trial wherein the judgment was obtained. While as a general rule a party is not bound by the acts of an attorney who purports to represent him, but without being employed so to do (Code, § 9-603; *Anderson* v. *Crawford*, 147 *Ga.* 455, 94 S. E. 574, L. R. A. 1918B, 894), and need not accept any benefits to himself as a result of such unauthorized appearance, he may do so by ratifying the attorney's acts, as in other cases of agency. Code, § 4-303.

■ While, as above stated, the petitioner charged that the attorneys who purported to represent the plaintiff were not employed so to do, we find him also seeking to avail himself of an alleged agreement with one of the attorneys that the suit would be dismissed. It appears, however, from the petitioner's own allegations that he was present at the trial and defended the action. The complaint is without merit.

■ These headnotes need no elaboration.

■ "Errors in an advertisement of property levied on can not properly be made the ground of an affidavit of illegality, but the party suffering thereby will be remitted to his remedy against the officer." *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.*, 15 *Ga. App.* 174 (3) (82 S. E. 774); *Jeffries* v. *Bartlett*, 75 *Ga.* 230 (3); *Georgia Northern Ry. Co.* v. *Home Mercantile Co.*, 17 *Ga. App.* 755 (3) (88 S. E. 413); *Georgia Northern Ry. Co.* v. *Cone*, 17 *Ga. App.* 786 (88 S. E. 701); *Walker* v. *Tate*, 47 *Ga. App.* 340 (170 S. E. 403); *Treadwell* v. *Beauchamp*, 82 *Ga.* 736 (9 S. E. 1040); *Mulling* v. *Bank of Cobbtown*, 36 *Ga. App.* 55 (2, 3) (135 S. E. 232). See *Conley* v. *Redwine*, 109 *Ga.* 640, 646 (35 S. E. 92, 77 Am. St. R. 398); *Marshall* v. *Armour Fertilizer Works*, 24 *Ga. App.* 402 (2) (100 S. E. 766). This being true, the allegations to the effect that the advertising fees had not been paid, that the property is not correctly described in the advertisement, and that the advertisement will not have run the required time before sale day, present no reason for arresting the judgment.

■ We gather from the allegations of the petition that there was a previous sale of certain property of the petitioner under the judgment. He seeks to have this sale set aside on the ground that the sale had been superseded. Neither the date of the sale, the

description of the property, the execution and entry of levy, nor the sheriff's deed is set out or alleged. It is in fact difficult to make any intelligent ruling as to the validity of the sale, under the facts alleged. Apparently the sale took place after the filing of the bill of exceptions complaining of the refusal to allow the petitioner to amend his answer. As a general rule, in a civil case the filing of a bill of exceptions operates as a supersedeas of the judgment, execution, or decree of the trial court, when the plaintiff in error, on or before the filing of the bill of exceptions, or within ten days thereafter, shall pay all costs and give bond, with good security, payable to the opposite party, conditioned for the payment of the eventual condemnation-money and all subsequent costs, which bond shall be attested and approved by the clerk; or in lieu thereof shall file a pauper affidavit. Code, § 6-1002. Under that section supersedeas is a matter of right, and is effectuated upon compliance with the terms set out therein, without any order of the court. *Wheeler* v. *Wheeler*, 139 *Ga.* 608 (77 S. E. 817). "The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment. Under the general rule the supersedeas deprives the trial court rendering the judgment of jurisdiction to take further proceeding towards its enforcement." *Barnett* v. *Strain*, 153 *Ga.* 43 (111 S. E. 574); *Town of Fairburn* v. *Brantley*, 161 *Ga.* 199 (130 S. E. 67); *Campbell* v. *Gormley*, 185 *Ga.* 65 (194 S. E. 177). In paragraph 18 of the petition it is alleged that "Section 6165 of the Code, of the filing of bill of exceptions and supersedeas, such as that in the instant case, gives 10 days to the party appealing, from the time of filing the same with the clerk of the court, to give bond and pay the costs; that the bill of exceptions was filed before the sale, *and the costs paid and the bond given before the expiration of the time allowed by statute to pay costs and give bond; defendant did pay the costs and did give bond* . . and the statute created a supersedeas, . . that the sale taking place after the filing of the bill of exceptions and before the expiration of the time for payment of costs and making bond rendered the sale a bogus and void sale."

Before the act of 1917 (Ga. L. 1917, p. 63) in order for a bill of exceptions to operate as a supersedeas the statute required that the costs should be paid and the bond given before or at the time of

the filing of the bill of exceptions. In conformity with this requirement of the statute, this court held, in *Parker-Hensel Engineering Co.* v. *Schuler*, 133 *Ga.* 696 (66 S. E. 800), and *Wheeler* v. *Wheeler*, supra, that the payment of costs and execution of bond, or filing of a pauper affidavit, after the day on which the bill of exceptions was filed, did not operate as a supersedeas, and accordingly did not prevent the plaintiff from thereafter taking steps to enforce the judgment. Shortly after the decision in the *Wheeler* case, the General Assembly amended the statute (Acts 1917, supra) so as to give the excepting party ten days after the filing of the bill of exceptions to pay the costs and give the bond, or file a pauper's affidavit. While it is alleged that the sale was made within ten days after the filing of the bill of exceptions, it is not alleged that the bond was given and the costs paid before the sale; in fact the inference is clearly to the contrary. The petitioner's contention, reduced to its final analysis, is that a bill of exceptions operates as a supersedeas from the date it is filed, provided the costs are paid and the bond is given within ten days. Clearly this was not the purpose of the act of 1917. That act merely gave a plaintiff in error the right to supersede a judgment by giving bond and paying costs within ten days from the date the bill of exceptions was filed; whereas formerly it was necessary to do this before or at the time the bill of exceptions was filed. The bill of exceptions supersedes only from the date that a supersedeas is perfected; that is, when the bond is given and the costs are paid, provided this is done within ten days. A supersedeas holds the case in statu quo from the time it becomes operative; it does not operate retroactively to undo what has previously been done under the judgment complained of. *Mayor &c. of Macon* v. *Shaw*, 14 *Ga.* 162 (2); *Taylor* v. *Gay*, 20 *Ga.* 77; *Board of Commissioners of Burke County* v. *Wimberly*, 55 *Ga.* 570; *Seamans* v. *King*, 79 *Ga.* 611 (5 S. E. 53); *Johns* v. *McBride*, 28 *Ga. App.* 686 (112 S. E. 831). It follows from what has been said, that a sale of the petitioner's property within ten days after the filing of the bill of exceptions, but before the bond was given and the costs were paid, was valid, and the sale was not undone by the fact that a supersedeas was subsequently perfected.

■ Complaint is made of the judgment taken on the supersedeas bond. It is alleged that the plaintiff in the judgment took judg-

ment for principal, interest, and costs, when "on a mere law question like that involved in the bill of exceptions" the liability was only for costs. The allegations of the petition in this connection are entirely too vague and indefinite to raise any question for decision. Neither the bond given nor the alleged judgment taken is attached to the petition. It does not appear whether the fi. fa. which has been levied on the property of petitioner is that issuing upon the original judgment or upon the alleged judgment taken on the bond.

The original petition upon which judgment was had against the plaintiff in the present proceeding was filed over thirty years ago. To whom the delay in bringing the case to trial may be attributed is not ascertainable. Judgment was finally entered, and the plaintiff sued out a writ of error to the Court of Appeals. There the judgment was affirmed, and this court denied a certiorari. Before the remittitur of the Court of Appeals was made the judgment of the lower court, the petitioner sought to amend his answer in the original suit. The judge refused to allow the amendment, and again a writ of error was taken to the Court of Appeals. The judgment was affirmed, and this court again denied a certiorari. In the present case petitioner sought, among other things, to arrest the execution, to set aside the judgment, and also to set aside a former sale. Some of the grounds taken are too frivolous to require special notice, and the rest are without substance. The allegations of the petition as a whole are vague, confusing, and unintelligible, as we believe will readily appear from a perusal of the petition, the substance of which is set out above. A motion has been made for assessment of damages for delay, under the Code, § 6-1801. The spectre of "the law's delay" is difficult enough in ordinary circumstances, with all the courts and the bar doing their best to dispatch and dispose of legal controversies. When courts are used to evade judgments, especially when the effort is made on frivolous grounds, after full opportunity has been had for fair adjudication, we think this provision in the nature of a penalty is properly invoked. The motion is therefore granted.

*Judgment affirmed, with damages. All the Justices concur.*