### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT MACON,

# JANUARY TERM, 1857.

Present—JOSEPH H. LUMPKIN,
CHARLES J. McDONALD, } Judges.
HENRY L. BENNING,

No. 1S.—Executors of ROWELL, *et al.* plaintiff in error, *vs.* Executor and Administrator of NEVES, defendant in error.

To a bill brought in Baker county, a demurrer was filed, which, by consent of counsel, was argued in Dougherty county. The judgment was rendered there, the Judge directing the Clerk of Dougherty to transmit the decree over-ruling the demurrer, together with all the papers in the case, back to the Clerk of Baker Superior Court, and that the interlocutory order be entered on the minutes of Baker Superior Court. *Held*, That the writ of error, should be sued out in Baker county, and the record made out and transmitted to this Court by the Clerk of that county, and not of Dougherty.

In Equity, in Baker Superior Court. Decision by Judge PERKINS, May Term, 1855.

This case was pending in the Superior Court of Baker county, and came up for trial on a demurrer filed at May Term, 1855, of that Court. It not being convenient to hear argument at that term of the Court, the presiding Judge, by consent of counsel and request of both parties, ordered "the Clerk of said Court to transmit to the Clerk of the Superior Court of *Dougherty* county, all the papers in the cause, and

that said demurrer be argued at the next ensuing session of the Superior Court of Dougherty county." In pursuance of said order, all the papers were transmitted to the Clerk of Dougherty county, and during the session of the succeeding Superior Court of that county, after hearing argument, the Judge overruled the demurrer, and sustained complainant's bill; and further ordered "that the Clerk of this Court transmit the said order and decree overruling the demurrer, together with all the papers in the cause, back to the Clerk of *Baker* Superior Court, and that said Clerk enter said decretal order on the minutes of Baker Superior Court."

To this decision counsel for defendants excepted and assigned error. The bill of exceptions, writ of error and citation, were all filed in the Clerk's office of *Dougherty* county, and the transcript of the record was certified and sent up to the Supreme Court from that office.

The case being called, counsel for defendants in error, moved to dismiss the same, because the bill of exceptions, writ of error and citation, were filed in the Clerk's office of Dougherty county, when the same should have been filed in the Clerk's office of Baker county, where the cause was pending, and the record should be certified and sent up by the Clerk of that county.

ROCKWELL, for plaintiffs in error.

SEABORN JONES and S. T. BAILEY, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

From which county should the record in this case have been transmitted, Dougherty or Baker?

The bill originated and was pending in Baker county. By the consent and for the convenience of counsel, the demurrer was argued and decided in Dougherty. The papers in the case having been transferred by the Clerk of Baker, under an order of the Court after judgment upon the demurrer was

rendered; they were directed to be re-transferred by the Clerk of Dougherty, to the office to which they belonged, with instruc..ons to enter the interlocutory decree in *Baker county.*

The bill of exceptions was certified by the Judge for Baker county. But counsel for the plaintiff in error, finding the papers, in point of fact, still in possession of the Clerk of Dougherty, files the bill of exceptions, writ of error, citation and notice under the old law, there, and has the transcript made out and certified by that Clerk. In legal contemplation, the papers never were in the Clerk's office of Dougherty county. For safe-keeping, the Clerk was made, it is true, their custodian for the time being; and the instrument of the Court, for returning them to the office to which they rightfully belonged. The decision was made *at chambers.* One of the solicitors might have taken charge of the papers. This is customary. The decision complained of was ordered to be entered upon the minutes of Baker Superior Court. It could have been recorded no where else. The Clerk, therefore, of Dougherty was not the keeper of these records, and consequently the transcript made out and sent up by him has no more authority than if copied and forwarded by any other person.

Writ of error dismissed.