E. A. LEWIS, plaintiff in error, *vs.* A. M. CHRISTIAN *et al.*, defendants in error.

A contract was made between the owner of a plantation and her tenants for the cultivation of the same on the terms and conditions stated therein, and to equally divide the crop made thereon between them. In consequence of the bad management of the defendants, and their failure to perform their part of the contract, the owner of the land was damaged $1,500 00 or $2,000 00, or more than all the cotton made on the place was worth; they ought to have made thirty bales of cotton, whereas they made only twelve; they ought to have made eight hundred bushels of corn, whereas they made only two hundred. On a bill being filed by the complainant, alleging the foregoing facts, and the *insolvency* of the defendants, for the purpose of restraining the defendants from removing their share of the cotton from the place until the damages sustained by the complainant could be ascertained and decreed to be paid: *Held,* that the Court erred in sustaining the motion and dismissing the injunction, for want of equity.

Rent. Equity. Demurrer. Decided by Judge JOHNSON. Chattahoochee Superior Court. September Term, 1869.

On the 4th of February, 1868, Mrs. Lewis, with A. M. Christian and R. B. Green, made a contract by which she allowed them the use of her land and certain mules, and food for them, plows and gear for that year, and they were to furnish hands, repair the fencing, cultivate said land, and divide equally with her the crop, etc. In November, 1868, she filed her bill, complaining that they took possession of her said property under said contract, she complied fully with her said undertakings, they planted the crop, but so acted as to drive away the hands, and so failed to cultivate the crop, that it was almost entirely ruined; that had they complied with their part of said contract, the farm would have produced eight hundred or a thousand bushels of corn, and about thirty bales of cotton, but because of their mismanagement, indolence, drunkenness and inattention, but two hundred bushels of corn and sixteen bales of cotton were made thereon; that they did not repair the fences, no care of the stock and tools, allowed their employees to steal from her, and so failed to perform the contract that she lost thereby from $1,500 00

or $2,000 00, more than their half of the cotton is worth; that Green pretending to have sold his interest in the crop to Christian, abandoned the farm, and Christian pretends that he has sold out to one Webb, who is superintending the farm; that Green is insolvent; Christian has no property which can be sold by law for his debts; that they gave her half of the corn made, but Christian was about to carry off half the said cotton.    Upon this statement she had said parties enjoined from removing said cotton until her claim for rent was adjusted by a decree.

By amendment she averred that, in 1868, Christian carried on another farm, and to carry on it, bought supplies, etc., etc., from one Vanhon, giving him, in May, 1868, a crop-lien to secure him; that Vanhon foreclosed this lien, and levied on half of said cotton as Christian's property, and she had that also enjoined.    By another amendment she averred that after Green had sold his interest in the crop, to-wit: in September, 1868, Green gave a crop-lien to Gray, Bedell & Hughes, and they obtained a *fi. fa.* on it, and levied it upon said cotton, and she enjoined that *fi. fa.* also.    This last injunction was put upon the ground that as landlord she had a prior lien, etc.

To this bill, as amended, a general demurrer was filed and sustained, and the bill was dismissed.    This is assigned as error.

D. H. BURTS, JOHN PEABODY, for plaintiff in error.

E. J. RAIFORD, M. J. CRAWFORD, for defendants in error.

WARNER, J.

The complainant, by her bill, alleges that she has been damaged by the defendants $1,500 00 or $2,000 00 in consequence of their bad management and failure to perform their part of the contract, and that the defendants are *insolvent*.   The prayer of the bill is, that they may be restrained from removing their share of the cotton from the plantation until the damages sustained by the complainant can be ascer-

tained and decreed to be paid.   In our judgment the complainant's remedy at law would not have been as complete or effectual as it would be in a Court of Equity, the defendants being *insolvent.*   The complainant having instituted her suit on the equity side of the Court, that Court will retain it in order to do adequate and complete justice between the parties:   Code, sections 3040, 3041.

Let the judgment of the Court below be reversed. ·