McCay, Judge.
1. It may be true, that the order directing these cases to be stayed until the bill of exceptions in the first case was disposed of was not a wise and just order, though of that we express no opinion. It was not excepted to and it was the judgment of a Court with full jurisdiction, and until it is set aside by proceedings for that purpose, it is to be treated as conclusive between the parties. We suspect, too, that the order was by consent, though of that we are not informed. At any rate, it would be contrary to first principles to permit a judgment between the parties by a Court having jurisdiction of the whole subject, to be *358 treated as null in a collateral way, without any charge of fraud. We are, therefore, clear that the plaintiffs cannot go on to execute their judgments in the face of this order. We are clear, too, that this order is still operative. It appears from the record that the bill of *exceptions was filed in the Glendenning case, and that the condition of the order was complied with. It appears further, that there has been no final decision of the Glendenning case, the judgment of this Court having been carried by writ of error to the Supreme Court of the United States.
2. Without question there has been a writ of error. Whether it is strictly regular, whether it has been properly served and filed, etc., are not questions for the Superior Court of Richmond county to pass upon. The case is on the docket of the Supreme Court, it has jurisdiction of it, and all such questions as it seems to us must, in the nature of things, be made there. It appears, too, that proper steps have been taken to supersede the judgment ■of this Court. Whether the officer who approved the bond failed to inquire properly into the sufficiency of the sureties, whether he has taken such a bond as adds nothing to the security of the plaintiff in the judgment, is, in our opinion also, not a question for the Superior Court of Richmond county, nor is it for this Court. Upon the record it appears that the Act of Congress has been complied with, whether the record in the Federal Court shows the same thing we do not know. But until some judgment is had by that tribunal, permitting the judgment of this Court to go on, it is by the record stayed. We have this to say in addition. The judgment of this Court was that the principal debtor was liable. Fven if there has been no supersedeas •of that judgment, we should question the right of the plaintiffs to go on against the two securities with the executions. If I am not mistaken, the effect of the judgment of this Court was to grant a new trial. And the sureties have a right to have the principal joined with them in the judgment and execution.
3. As the remedy by affidavit is ample and complete, there was no necessity for a bill, and we think the Judge did right in refusing an injunction.
Judgment affirmed.