## CHISHOLM *et al. vs.* LEWIS & COMPANY.

Where a distress warrant has been taken out and levied, and a counter-affidavit made and returned into court for trial, the proceeding amounts to a suit for the rent, and pending it an action of complaint cannot be brought for the rent covered by the warrant. To such an action the pendency of the former case is a good plea, unless such former action is so defective that no recovery can possibly be had on it.

*Lis pendens.* Actions. Distress warrant. Before Judge CLARK. City Court of Atlanta. December Term, 1880.

Reported in the decision.

A. R. JONES; E. N. BROYLES, for plaintiffs in error.

MYNATT & HOWELL, for defendants.

CRAWFORD, Justice.

Mrs. M. B. Chisholm, on the 12th day of April, 1880, sued out a distress warrant against H. Lewis & Co. for $7,150.00 for rent from the 1st of April, 1880, to September 1st, 1885, at the rate of $110.00 per month for the said time.   H. Lewis & Co. filed a counter-affidavit there-to, gave bond and security for the eventual condemnation money, as required by law, and the papers were returned to the October term, 1880, of Fulton superior court.

Afterwards a suit in complaint was brought to the December term, 1880, of the city court of Atlanta for $660.00 for the rent falling due from May 1st to October 1st of that year.

To this the defendants pleaded the pendency of a former suit for the same cause of action by the same parties and against themselves as the same defendants, accompanying their said plea with a copy of all the proceedings in the said superior court as a part of the same.

By consent of parties, the sufficiency of the said plea was submitted to the judge to try, who held and decided that the former proceeding was a good defense to this suit, and that the plea be sustained and the action abated.

To this decision the plaintiffs except, and assign the same as error.

The case here presented is, whether after a party has sued out a distress warrant for rent, which having been suspended by counter-affidavit and bond, then returned to the proper court, and whilst there pending and. undecided, suit for a part of the same rent may be commenced by complaint and tried.   The simple question to be decided is, does the distress warrant and counter-affidavit make a suit which is not so defective as that no recovery can be had thereon ?  If it does, then the judgment of the

court below must be affirmed ; if it does not, then it must be reversed.

In the first place, a suit is nothing but a remedy which the law gives to enforce a right, arising from the violation of a contract, or for an injury done to person or property. Code, §§2243, 3251.

Here is a contract alleged to have been violated ; a remedy given by law to enforce that contract selected and pursued ; plaintiffs and defendants, pleadings, issues, verdict, judgment and execution necessarily follow ; under the law, therefore, this must be a suit.

Two suits cannot be maintained at the same time, for the same cause and against the same party, except where it is specially provided by law. Code, §2894.

It was said on the argument that it might be considered on the trial that the counter-affidavit was insufficient in law as a defense, and the case thereby be dismissed. However this might be on such trial, the question made by this plea in abatement and to be disposed of now is, is there at this time a pending suit for this same demand ?

If there is, this suit cannot be maintained on account of a bare apprehension that the first may be dismissed when it is heard. So long as that is pending, another does not lie for the same demand, except the action is so defective that no recovery can be possibly had. This applies to the plaintiffs' cause of action, and not to the defense pleaded.

We do not see such defect in the plaintiffs' cause of action as to justify this common law suit.

Besides, to allow a distress warrant for rent to seize the property of the defendant, and because a counter-affidavit carries it into court to litigate the amount due, that then the plaintiff may proceed by ordinary process of law to sue for and recover, or litigate even, for the monthly instalments due for the same debt, thus maintaining a suit for the sum total of the entire lease simultaneously with separate suits on such monthly instalments, would be illegal and oppressive.

Judgment affirmed.