## Giacomo Allegretti, B. F. Rubel and I. A. Rubel v. The Allegretti Chocolate Cream Co.

1. INJUNCTIONS—*Pending Appeals.*— Where an appeal was taken from a restraining order of the trial court to the Appellate Court, and the order fixing the amount of the appeal bond provides that the restraining decree be stayed "*during the pendency of this appeal,*" if the decree is affirmed in the Appellate Court, and an appeal is taken to the Supreme Court, the staying order is not in force pending the appeal to the Supreme Court.

Contempt Proceedings.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 7, 1899.

MORAN, KRAUS & MAYER and CLYDE E. MARSH, attorneys for appellants.

DARROW, THOMAS & THOMPSON and DOUGLAS C. GREGG, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an appeal from an order of the Superior Court adjudging appellants to be in contempt of that court and imposing a fine. The decree in question was rendered upon a bill filed by the appellee against the appellants, whereby the appellee sought to restrain appellants from certain modes of manufacturing and selling chocolate creams, and from using the name "Allegretti."

Appellants prayed an appeal to this court upon the entry of said decree, which was allowed. Subsequently the following order was entered by the Superior Court, viz.:

" This cause coming on to be heard, on motion of defendants for an order fixing the amount of the appeal bond in the above suit, and the court having heard arguments of counsel, fixes the amount of the appeal bond at $5,000, and further orders that the decree heretofore entered in this

cause be stayed *during the pendency of this appeal*, upon the filing and approval of said bond."

Said decree was affirmed by this court May 31, 1898 (76 Ill. App. 581). Thereupon an appeal was prayed and allowed from this court to the Supreme Court. By the latter court the judgment of this court affirming the decree of the Superior Court was affirmed December 21, 1898 (177 Ill. 129). No order was entered in this court staying said decree during the pendency of the appeal to the Supreme Court. While the appeal from this court to the Supreme Court was pending and undetermined, viz., July 23, 1898, the petition in the case at bar was filed in the Superior Court, praying in substance that appellants be held to be in contempt and dealt with accordingly. To that petition appellants filed their answer, denying that they were in contempt, and the Superior Court proceeded to hear testimony and determine the issue thus presented.

In its final order upon said petition, the Superior Court found from the evidence that the allegations of said petition, as to the violation by appellants of the restraining provisions of said decree, were true, and that the matters of excuse, explanation and avoidance set up in the answer of appellants to said petition are insufficient, evasive, and in so far as appellants thereby deny the allegations of said petition, the said answer is untrue.

Thereupon the Superior Court ordered and adjudged that appellants were guilty of contempt of that court in willfully neglecting and refusing to comply with said decree, and that they be each fined in the sum of $100. It is from that order that this appeal is prosecuted.

On behalf of appellants two points are presented for the consideration of this court, which may be stated thus :

*First.* The decree is *mandatory* only and not *prohibitive*, and for that reason the appeal stayed the restraining order in the decree.

*Second.* That the order of the Superior Court fixing the amount of the bond provided that the decree " be stayed during the pendency of this appeal," and that operated as

such a stay pending the appeal from this court to the Supreme Court.

First. In our view of the facts it is unnecessary to consider the legal question as to the effect of an appeal from a *mandatory* injunction. The decree provides:

" That said defendants, B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and each of them, their agents, servants, attorneys, representatives or assigns, be perpetually enjoined and restrained from using the name 'Allegretti' or 'Allegretti & Co.' in the sale of chocolate creams and confectionery in the county of Cook aforesaid, except when such use is coupled with words clearly indicating that such goods were manufactured and are sold by B. F. Rubel, I. A. Rubel and Giacomo Allegretti, and not by Ignazio Allegretti or the Allegretti Chocolate Cream Company."

As stated in their printed argument filed in this case:

" The position taken by counsel for appellant is, that the decree of June 1, 1897, is a *mandatory* and not a *prohibitive* decree, as it in effect compels appellants to perform certain acts to comply with that decree, by way of changing signs and labels, which would entirely revolutionize their methods of doing business and would entail the loss of a large sum of money."

That position is untenable. Whether it be correct as to the signs which read "Allegretti & Co.," and which remained upon the store of appellants after the decree was entered, in the same condition they were before, is not necessary to decide. The uncontradicted testimony shows that after said judgment by this court, and before the filing of said petition in the Superior Court, appellants sold chocolate creams in violation of said restraining decree. That is, they did precisely what the decree sought to prohibit. There is no provision in the decree authorizing appellants to use their sales labels, wrappers, etc., then on hand. The original decree was entered and sustained by the reviewing courts upon the theory and for the reason that appellants were guilty of fraud upon appellant and upon its rights. The labels, etc., referred to, were procured by appellants for use in consummating such fraud.

They now claim that they should be permitted to use such labels; that is, continue the fraudulent acts which had been restrained, because to cease doing so "would entirely revolutionize their methods of doing business and would entail the loss of a large sum of money."

Again, it is said in appellant's printed argument, and in support of the contention that the injunction is only mandatory, that "It is therefore obvious that appellants were by the effect of this decree, in order to comply therewith, compelled to take various affirmative steps in altering their signs, labels, boxes, etc., by adding thereto as suggested by the decree."

That does not follow. Appellants are not required by the decree to continue in that business. All they are required to do is to cease their efforts to appropriate to themselves the fruits of the labors of those interested in the success of the business of appellee. That is the scope and purpose of the restraining decree, and that is but simply justice.

Second. Said original decree was entered June 1, 1897. An appeal to this court was prayed by appellants and allowed. Subsequently, June 8, 1897, the order above quoted was entered of record by the Superior Court. The bond therein provided for was afterward approved and filed.

The contention on behalf of appellant is that the provision in said order that the decree "be stayed during the pendency of this appeal" operated as such a stay pending the appeal from this court to the Supreme Court.

No case decided in this State is cited by either party upon this point. Neither do we recall any such case. The case of Russell v. O'Dowd, 48 Ga. 474, seems to support the position of appellants, although that case is very different in some respects from the case at bar. But we understand the opinion by the Supreme Court of the United States in the Slaughter House cases (10 Wallace, 273) to be quite the reverse.

In those cases injunctions had been granted by the District Courts of the State of Louisiana. The cases were all

taken, by what are known in Louisiana as "suspensive appeals," to the Supreme Court of that State, where the holdings by the District Courts were sustained. To the judgment of the State Supreme Court writs of error were taken from the Supreme Court of the United States, and when, afterward, it was sought to enforce the injunctions granted by the District Court and affirmed by the Supreme Court of Louisiana, a motion was made in the Supreme Court of the United States for an order of injunction and supersedeas to prevent the enforcing of said injunctions. That motion was denied, upon the theory that a supersedeas from the Supreme Court of the United States to the Supreme Court of a State in a case taken to the former court by writ of error (same in effect as an appeal), does not operate upon the District Court where the injunction was issued, but operates only upon the Supreme Court of the State to which the writ of error is directed.

We prefer to follow the opinion of the Supreme Court of the United States rather than that of Georgia, if they are, in fact, in conflict.

The order entered by the Superior Court in terms applies only to the appeal to this court. The appeal bond applies only to the appeal to this court. If parties desired to have the stay order continued upon another appeal, they should have applied to this court when taking such further appeal to have a stay order entered, the same as they did to the Superior Court when taking an appeal from its judgment or decree. Or the order of the Superior Court might have been so made as to apply in case of an appeal to the Supreme Court.

There being no error in this record called to our attention, the order of the Superior Court appealed from is affirmed.