## LOEB *v.* MANGUM, sheriff.

The grant of the writ of certiorari operates as a supersedeas until the final hearing in the superior court. If on the final hearing the certiorari be dismissed or overruled, no order or mandate from the superior court is necessary to be filed with the inferior tribunal before the proper officers of the latter court may proceed to execute its judgment.

APRIL 15, 1910.

Habeas corpus. Before Judge Pendleton. Fulton superior court. November 25, 1909.

*F. M. Hughes* and *Morris Macks,* for plaintiff.

*Daley, Chambers & Smith,* for defendant.

EVANS, P. J. The plaintiff in error, Sam Loeb, brought his petition for habeas corpus against C. W. Mangum, sheriff of Fulton county. Petitioner alleged, that he was convicted of a misdemeanor in the criminal court of Atlanta; that the judgment of conviction was affirmed on writ of certiorari by the superior court of

Fulton county, and afterwards affirmed by the Court of Appeals on writ of error to that court; that plaintiff was under a solvent bond to appear and abide the final judgment of the court; and he was arrested under order of the solicitor of the criminal court of Atlanta and placed in the common jail of Fulton county; that his confinement is illegal, for the reason that at the time the remittitur from the Court of Appeals was sent to the superior court the criminal court of Atlanta was not in session; that he had no notice of the transmission of the remittitur from the Court of Appeals to the superior court; and that he had not been brought before the bar of the criminal court of Atlanta to answer any final judgment in the case.   In his return to the writ the sheriff of Fulton county alleged, as justification for the detention of petitioner, that he was arrested upon an order of the solicitor of the criminal court of Atlanta, and at the time of the arrest the remittitur of the Court of Appeals had been filed and made the judgment of the superior court of Fulton county.   He attached the original sentence of the criminal court of Atlanta to his answer, by the terms of which he was required, before releasing the petitioner, to exact of him the fine and costs therein imposed, and alleged that upon petitioner's refusal to pay the same he was executing the alternative sentence of the court.   No evidence was submitted on the return of the writ. The court refused to discharge the petitioner, and remanded him to the custody of the sheriff for the purpose of executing the sentence of the criminal court of Atlanta; whereupon, the petitioner excepted.

1.   The insistence of the plaintiff in error is that his detention is illegal, because no mandate from the superior court of Fulton county had been filed in the criminal court of Atlanta (and therefore the latter court was without jurisdiction to proceed with the execution of the sentence imposed by that court.   "At common law the writ of certiorari, pure and simple, was not used as a means of bringing errors to correction; it was used merely to take a case out of one court, and to put it into another court.   The writ used for the former purpose was the writ of error; but the writ of error was composed of two parts: 'first a certiorari to remove the record; and secondly, a commission to examine it.'   Tidd's Pr. 1143."   *Davis v. Rogers, 23 Ga. 362.*   In this State the statute provides that the writ of certiorari will lie for the correction of errors committed by

justices of the peace or other inferior judicatories. Civil Code, § 4634. The writ of certiorari when granted shall operate as a supersedeas of the judgment until the final hearing in the superior court. Civil Code, § 4645. The entire case is not transferred from the inferior court to the superior court by the grant of the writ of certiorari. It has been held that a plaintiff in the judgment obtained in a justice's court, which has been carried by certiorari to the superior court, may sue out a writ of garnishment in the justice's court during the pendency of the certiorari. *Miller* v. *Gray,* 98 *Ga.* 536 (25 S. E. 577). The sanction of a petition for certiorari merely operates as a supersedeas of the judgment of the inferior tribunal; and the judge who sanctions it has no authority, prior to final hearing, to alter the status of affairs under the judgment complained of. *Board of Commissioners* v. *Wimberly, 55 Ga. 570.*

There is no statute which requires the superior court, on overruling or dismissing a certiorari from the judgment of the inferior tribunal, to issue any mandate or notice to the inferior tribunal of the fact; nor is there any statute which forbids the inferior court from acting, after the dismissal or overruling of the certiorari by the superior court, until an order or mandate from the superior court is filed with the inferior court. It has never been the practice, so far as we are aware, in cases where the certiorari has been dismissed or overruled, and the judgment of the inferior court left undisturbed by the proceedings in certiorari, for any order or mandate from the superior court to be filed in the inferior court as a condition precedent for further action. The only effect of the writ of certiorari is to supersede further action until the case has been disposed of in the superior court. If the judgment of the inferior court is affirmed, the supersedeas is at an end, and there is no bar to the lower court's proceeding to give effect to its judgment. Therefore, in the present case, when the remittitur from the Court of Appeals, affirming the refusal to reverse or modify the judgment rendered in the criminal court of Atlanta, had been made the judgment of the superior court, the supersedeas resulting from the grant of the certiorari ceased, and it was the duty of the sheriff to execute the judgment of the criminal court of Atlanta.

*Judgment affirmed.    All the Justices concur.*