### 3601.   MOORE *v.* CITY OF WINDER.

The constitution of this State gives to the superior courts the power to review by certiorari the judgments of all inferior judicatories, including municipal police courts; and a general statutory scheme regulating the procedure by certiorari has been provided; but no specific provision has been made as to the review of judgments of police courts in cities the territorial limits of which extend into two or more counties. In such cases a person convicted in the police court has the right of certiorari established in his favor, and the fact that the legislature has not made the remedy specific and definite will not operate in derogation of this right. Therefore, wherever the legislature creates a municipality out of territory located in more than one county, and does not make any provision as to which of the superior courts of the respective counties involved shall have jurisdiction for the purpose of review by certiorari of a conviction in the police court of the municipality, a petition for certiorari may be brought to the superior court of any of the counties in which the municipality is located; and it is error to dismiss the petition on the ground that it was not brought to the superior court of the particular county in which the officer presiding in the

police court happened to sit at the time he tried the case to be reviewed.

DECIDED JANUARY 15, 1912.

Certiorari; from Gwinnett superior court—Judge Brand. June 17, 1911.

*Lewis C. Russell,* for plaintiff in error.  *G. A. Johns,* contra.

POWELL, J. The corporate limits of the City of Winder include parts of three counties, Walton, Gwinnett, and Jackson. The plaintiff in error was convicted in the police court of that city, and sought certiorari. The petition was addressed to the judge of the superior court of Gwinnett county, and was filed in the office of the clerk of that court. It appears, from the testimony in the record, that the municipal offense of which the plaintiff in error was convicted was committed in that portion of the city which lies in Gwinnett county; it also appears that the police court sat for the trial of the case in that portion of the city which lies in Jackson county. The charter of the city makes no provision as to where the police court shall sit, or where the principal office, so to speak, of the municipality shall be, or as to what court shall have jurisdiction for the purpose of suits against the city, or for the purpose of reviewing proceedings had in the municipal court. When the certiorari came on for hearing, the judge of the superior court dismissed it, on the ground that it had been brought in the wrong county; that it should have been brought in the county of Jackson, in which the police court sat at the time of the trial which the petition for certiorari was brought to review.

This presents a situation without a precedent. There are in this State a number of municipalities with territorial limits located in two or more counties, and in some cases (e. g. Arlington, in Calhoun and Early counties) lying in two different judicial circuits, but, so far as we can find, the point here presented has never previously been before any court for decision. There is no statute specially covering such cases. The question is to be determined entirely by general principles of law, and by the application of statutes which do not have this particular case especially within their purview.

Article 6, section 4, paragraph 5 of the constitution of Georgia (Civil Code (1910), § 6514) confers upon the superior courts of this State the "power to correct errors in inferior judicatories, by writ of certiorari," and there is a general statutory scheme set forth in the Civil Code (1910), §§ 5180 et seq., regulating and pre-

25

scribing the procedure by certiorari. It has been held that this right of reviewing judgments of inferior judicatories by certiorari, being constitutionally given, can not be taken away from the superior courts by the General Assembly, either by direct enactment to that effect or by omission to provide for it in special cases; and even where another method of review is provided, it is cumulative only and does not exclude the right of certiorari. *Hayden* v. *State,* 69 *Ga.* 731; *Maxwell* v. *Tumlin,* 79 *Ga.* 570 (4 S. E. 85).

The maxim of the common law, "ubi jus ibi remedium" (there is no wrong without a remedy), may originally have been a platitude, a mere boast as to the scope and adequacy of the particular writs and remedies that had been provided, but when this maxim was given not only a more beneficent construction, but also new life and broader scope, by the statute of Westminster II (13 Edw. 1, ch. 24), which required that a writ should be framed to enforce each new right as it might arise, though there might be no precedent, it became a fundamental legal principle of English law, in effect declaring that no man should be deprived of any legal right which was given him, because of any failure to provide a remedy to meet its particular circumstances. We have placed this principle in our code in the following language: "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." Civil Code (1910), § 5506. There is another legal maxim, "quod remedio destituitur ipsa re valet si culpa absit" (that which is without remedy avails of itself, if there be no fault in the party seeking to enforce it). "The benignity of the law is such," observed Lord Bacon, "that, when, to preserve the principles and grounds of law, it deprives a man of his remedy without his own fault, it will rather put him in·a better degree and condition than in a worse; for if it disable him to pursue his action, or to make his claim, sometimes it will give him the thing itself by operation of law, without any act of his own; sometimes it will give him a more beneficial remedy." Broom's Legal Maxims (7th ed.), 171. This principle has not been specifically codified in this State, but it is nevertheless a part of our law. It has never been given specific application to just such a case as this, and we do not mean to say that by its terms it covers this case, but reference has been had to it as showing that lack of a previously formulated remedy never diminishes an established right, or the ability of the

courts to enforce it, or to give such redress as is appropriate; that the man for whom a particular remedy has not been framed may be in even a better position than ordinarily, so far as what may be called flexibility or choice of remedy is concerned.

Now, here is a case in which the right of certiorari from this municipal court is thoroughly established, is even constitutionally given. The general provisions of the law relating to the form of remedy and modes of procedure by certiorari have made no particular provision for the enforcement of the right. As to those municipalities whose police courts have jurisdiction to try for municipal offenses throughout territorial limits of a city or town lying in more than one county, there is no provision as to where the certiorari shall be filed. The right to apply for and to file the certiorari must nevertheless be recognized and enforced; and the failure of the legislature to provide for the particular case must not diminish the right of the applicant.

In the argument of counsel for the respective sides of the case, two conflicting theories have been presented. Counsel for the petitioner in certiorari addressed his petition to the superior court of Gwinnett county (and filed it in that county), on the theory that since the municipal offense was shown by the proof to have been committed in that county, the review proceedings should also be filed there. He argued also that since the constitution of this State fixes the venue for the prosecution of crimes in the county where the crime is committed, analogy would fix the jurisdiction in cases such as this in the county where the proof shows the municipal offense to have been committed. It must be remembered, however, that these municipal offenses are not crimes within the purview of the constitutional provision. *Loeb* v. *Jennings,* 133 *Ga.* 796 (67 S. E. 101).; *Pearson* v. *Wimbish,* 124 *Ga.* 701 (52 S. E. 751). Besides, to lay down the rule that the proceedings to obtain certiorari from police courts located in municipalities, where the territorial limits extend over more than one county, must be brought in the county where the alleged offense was shown by the proof to have been committed would at once be subject to the objection that a large class of cases would still be left unprovided for. An examination of the reports of this court and of the Supreme Court will show that perhaps no ground of certiorari is more frequent than that the proof failed to locate the place where the alleged offense was

committed; and if the rule contended for were adopted, it would follow that in cases where the proof failed to show venue, no petition for certiorari could be brought.

Counsel for the defendant in certiorari present the view (and the judge of the superior court acted upon this theory) that the superior court of the county in which the police court happened to sit has exclusive jurisdiction. This seems more tenable, but still is not satisfactory. No statutory provision so regulates the procedure. Generally appellate proceedings are to be filed not in the county where the judicial officer who rendered the judgment may have happened to be presiding at the time he rendered his judgment, but in the county where the court of judicatory is located in contemplation of the law. For example, a judge of the superior court may lawfully hear and decide in Fulton county a petition for injunction, a motion for a new trial, or any similar matter not involving the use of a jury, though the matter is a court proceeding of another county, say Chatham; and in that event a bill of exceptions filed to review his judgment should be filed not in the county where the judge physically sat and rendered judgment, but in the county where the court of which he was acting as the judicial officer is located by law. This point was decided long ago. See *Rowell* v. *Neves,* 21 *Ga.* 125. In that case a demurrer to a petition filed in Baker superior court was heard by Judge Perkins at Albany, in Dougherty county. The bill of exceptions to his judgment on the demurrer was filed in Dougherty county. The Supreme Court dismissed the case, holding that the record should have come through the office of the clerk of Baker superior court. Other examples may be given to show that the place where the judge whose decision is to be reviewed physically sits does not govern in the bringing of review proceedings. If Judge Crosland, judge of the city court of Albany, should be presiding for Judge Harrell in the city court of Bainbridge, but should actually render his decision in his home in Albany, and the losing party should decide to obtain certiorari, of course he would file his petition in the superior court of the county of Decatur, in which Bainbridge is located.

Now, if the charter of the City of Winder had fixed the place of holding the municipal court in one of the counties in which the municipality is located, it might be that the superior court of that county would alone have jurisdiction; but as has been said, the

charter is silent on this subject. It seems to us that the right of certiorari in cases such as this would be unduly abridged if we confined the jurisdiction of review to any one of the counties in which the municipality is located, unless the legislature first makes the matter certain by specifying one of the counties. We therefore hold that certiorari proceedings brought to review judgments of the police court of Winder may be brought to the superior court of any one of the three counties in which the city is located. Consequently, we hold that the judge erred in dismissing the certiorari on the ground that it was brought in the county of Gwinnett and not in the county of Jackson, where the police court sat.

*Judgment reversed.*