## DIXON, sheriff, v. SABLE.

1. The superior courts of this State have the power to correct errors in inferior judicatories by writ of certiorari, which shall issue only on the sanction of the judge.
2. Relatively to the superior court of the Eastern Judicial Circuit, the city court of Savannah is an inferior judicatory, both as to civil and criminal jurisdiction.
3. The writ of certiorari when granted acts as a supersedeas of the judgment until the final determination of the writ.
4. Under the facts of this case the court did not err in sustaining the writ of habeas corpus, and in discharging the defendant from custody.

No. 371.    FEBRUARY 13, 1918.

Habeas corpus.    Before Judge Meldrim.    Chatham superior court.    May 2, 1917.

*Walter C. Hartridge, solicitor-general,* for plaintiff in error.
*Morris H. Bernstein,* contra.

HILL, J.    Loeb Sable was convicted in the city court of Savannah by a jury, on an accusation charging him with a violation of the prohibition laws of the State.    He made a motion for a new trial, which was overruled.    No bill of exceptions having been filed, and the time for filing having passed, and no supersedeas having been issued, the judge of the city court later signed an order requiring the sheriff to take the defendant into custody and deliver him to the proper authorities of Chatham County for the purpose of having him serve the sentence imposed of twelve months on the county chain-gang.    On April 6, 1917, the defendant, after the motion for new trial was overruled, filed his petition for certiorari in the superior court of Chatham County, to review the judgment overruling his motion for a new trial, which motion was based on errors alleged to have been committed pending his trial; and the petition for certiorari was sanctioned by the judge of the superior court.    On May 1, 1917, the defendant filed in the superior court a petition for habeas corpus, alleging that he was illegally restrained of his liberty by confinement in the county jail.    The petition recited, among other things, that the petitioner had given bond, duly approved, in the sum of $3,500, to answer the final judgment in the case in which he was convicted in the city court. Upon the hearing the writ of habeas corpus was sustained and the petitioner discharged from custody.    The sheriff excepted to this judgment, on the ground that the writ of certiorari did not lie, inasmuch as the judge of the superior court had no authority to

review and correct judgments of the city court·of Savannah in criminal cases.

1. The issue thus made is clear-cut. It is conceded that the writ of certiorari will lie in civil cases. Art. 6, sec. 4, par. 5, of the constitution (Civil Code, § 6514), declares that the superior courts "shall have power to correct errors in inferior judicatories, by writ of certiorari, which shall only issue on the sanction of the judge." But it is argued by the plaintiff in error that the city court of Savannah is not an inferior judicatory within the meaning of the constitution, so far as criminal cases are concerned. It is insisted that because of the fact that the city court of Savannah is "a constitutional city court," and has concurrent jurisdiction with the superior court to try criminal misdemeanor cases, it is not an inferior judicatory. Section 5192 of the Civil Code of 1910 provides: "Any person who has been convicted of any criminal or quasi-criminal offense, or violation of any ordinance, in any county court, police court, municipal court, by whatsoever name called, or any other inferior judicatory (except constitutional city courts) exercising criminal or quasi-criminal jurisdiction, who shall desire a writ of certiorari to review and correct the judgment of conviction in said case, shall be entitled to a supersedeas of the judgment upon the following conditions:" etc. The use of this language seems clearly to indicate that the legislature regarded constitutional city courts as inferior judicatories. And if the city court of Savannah is an inferior judicatory within the meaning of the law, a writ of certiorari will lie to correct its judgments. We think it is such a judicatory; and the fact that it has concurrent jurisdiction with the superior court, or even exclusive jurisdiction, to try misdemeanor cases would not make it other than an inferior judicatory. The right of certiorari is a constitutional right, as we have seen, the constitution expressly conferring on the superior court the "power to correct errors in inferior judicatories." But even before the constitution, it was a common-law right, and in England issued out of the King's Bench to inferior judicatories. 4 Bl. Com. 320. And there a statute taking away certiorari did not take it from the crown, unless it was expressly mentioned. Lewis's notes to 4 Bl. Com. 320.

2. Did the granting of the writ of certiorari in this case act as a supersedeas? Section 5191 of the Civil Code of 1910 pro·

vides that "The writ of certiorari, when granted, shall operate as a supersedeas of the judgment until the final hearing in the superior court." *Loeb* v. *Mangum*, 134 *Ga.* 335 (67 S. E. 882). This is but a statement of the common-law rule, and it seems to prevail universally except where it has been abrogated or modified by statute. 11 Corpus Juris, 170, § 236. Where the writ of certiorari has been applied for and has been granted, the sanctioning of the writ operates as a stay of the proceedings, and the powers of the inferior tribunal as to that case are suspended until the final determination of the case in the superior court. It follows from what has been said that the judgment of the city court of Savannah, in ordering the defendant to the chain-gang pending the determination of the writ of certiorari by the judge of the superior court, was without authority, and that the discharge of the petitioner on the hearing of the habeas-corpus proceeding was proper. *Judgment affirmed. All the Justices concur.*