## AYERS *v.* CLARIDY.

This case falls within the general rule that creditors without a lien can not enjoin their debtors from disposing of their property; and it was error to grant an interlocutory injunction and to appoint a receiver.

No. 1273.    NOVEMBER 14, 1919.

Injunction and receiver.    Before Judge Cobb.    Gwinnett superior court.    December 5, 1918.

W. R. Claridy filed a petition in equity against John Ayers. The plaintiff alleged, that he rented fifty-one acres of land in Gwinnett county to the defendant for the year 1918; that the defendant was to pay him as rental one third of the corn, fodder, peas, and other products· raised on said farm during said year; that the defendant was to cultivate the bottom land in corn and the upland in peas, and in addition was to open up the ditches on the farm and do such other work as was necessary and usual in the cultivation of the crops; that the defendant failed to plant any of the upland and planted only about six acres of the bottom land, which he did not properly cultivate; that he failed to open up the ditches, and that the only crop actually raised on the place was a small quantity of corn of about 100 or 125 bushels; that the fodder was allowed to waste; that the corn was still ungathered, and, due to the season and near approach of winter, would become worthless; that had the defendant complied with his contract and cultivated the land in a husbandlike manner, he would have raised crops of the aggregate value of $1650, and the plaintiff would have been entitled to receive therefrom the sum of $550; and that the defendant was insolvent.    The plaintiff claimed an equitable lien on the corn raised on the farm, "for the damages suffered by reason of the defendant's breach of his rent contract as hereinbefore set out," and prayed that the defendant be enjoined from disposing of any part of the corn; that a receiver be appointed by the court to take charge of, gather, and preserve the corn·; that after the corn is gathered by the receiver, he be directed to deliver

to petitioner one third thereof as his rental, and that the remainder "be impounded by the court until petitioner's damages can be ascertained by a judgment of court, and that it be decreed that the defendant's part of said corn be sold and paid on said judgment." The plaintiff further prayed for a judgment in the sum of $550, for general relief, and for process. To the petition the defendant demurred upon the ground that it set forth no cause of action, that the plaintiff's remedy at law was complete and adequate, and that the plaintiff had no lien, legal or equitable, on the corn grown upon the rented premises. The defendant also filed a plea in abatement, in which he alleged that on October 15, 1918, the plaintiff sued out a distress warrant against the defendant, in which he claimed as rent for the farm the sum of $300; that the distress warrant was duly levied by an officer, and that on October 16, 1918, the defendant filed his counter-affidavit and gave a replevy bond with solvent security, conditioned to pay the condemnation-money and all costs as provided by law; that the distress warrant, counter-affidavit, and bond were returned to the superior court of the county where the same was then pending. The defendant also filed an answer in which all the material allegations in the plaintiff's petition were denied. He averred that he did not rent the entire place, but only so much of the bottom land as he could cultivate; that this was well cultivated; and that he had complied in detail with his contract. He also alleged that the plaintiff was due him a sum of money for labor performed, for which he prayed judgment. On the interlocutory hearing the evidence was conflicting as to whether the defendant rented the entire place or only a portion of the bottom land, and as to whether the lands cultivated by the defendant were properly cultivated; and also as to whether the ditches were to be opened up by the plaintiff or by the defendant. The facts alleged in the plea in abatement, which were likewise set up in the defendant's answer, were not controverted. It was admitted that the defendant was insolvent. The court granted the injunction prayed, and appointed a receiver, unless the defendant would give bond in a sum stated, conditioned to pay any judgment with costs that the plaintiff might recover. The defendant excepted.

*G. F. Kelley* and *I. L. Oakes,* for plaintiff in error.

*O. A. & W. L. Nix,* contra.

GEORGE, J. (After stating the foregoing facts.) According to the plaintiff's allegations, the defendant should have made at least 600 bushels of corn, 6000 bundles of fodder, and 150 bushels of peas,—of the total value of $1650. For one third of this sum he prayed judgment against the defendant. How much is claimed as rent, and how much as damages on account of the alleged breach of the contract, it is impossible to tell. It is, however, averred that the defendant actually made 100 or 125 bushels of corn on the rented premises; and it is admitted that the plaintiff elected to sue out a distress warrant for the value of one third of the crop actually grown by the defendant, and that the defendant had filed a counter-affidavit and had given the bond as required by the statute. The filing of the counter-affidavit converted the distress warrant into mesne process, and the proceeding became a suit for rent. *Hardy* v. *Poss,* 120 *Ga.* 385 (47 S. E. 947). "Where a distress warrant has been taken out and levied, and a counter-affidavit made and returned into court for trial, the proceeding amounts to a suit for rent, and pending it an action of complaint can not be brought for the rent covered by the warrant. To such an action the pendency of the former case is a good plea, unless such former action is so defective that no recovery can possibly be had on it." *Chisholm* v. *Lewis,* 66 *Ga.* 729. See also *Elam* v. *Hamilton,* 69 *Ga.* 736. Unless the plaintiff should, therefore, by amendment separate the amount claimed as rent from the amount claimed as damages on account of the breach of the contract, the plea in abatement is good. For the damages claimed on account of the breach of contract the plaintiff has no lien. "Under a contract of rent whereby the tenant agreed to pay to the landlord specified fractional portions of the crops made upon the rented premises, the latter, although the former further agreed to cultivate the land 'in a good husbandlike manner,' and failed to do so, was entitled to distrain for only the value of such fractional portions of the crops actually made, and not for such portions of crops which might have been made if the tenant had complied with his contract as to the manner of cultivation." *Reynolds* v. *Howard,* 111 *Ga.* 888 (36 S. E. 967). The general rule is that a creditor without a lien can not enjoin his debtor from disposing of his property, nor is he entitled to have a receiver appointed to take charge of the defendant's property. Civil Code, § 5495;

*Authur* v. *Bank of Ball Ground,* 146 *Ga.* 719, 720 (92 S. E. 205). Equity recognizes certain exceptions to the general rule, but the facts in the instant case do not bring it within any of the exceptions. The case of *Lewis* v. *Christian,* 40 *Ga.* 187, is cited in support of the ruling made by the court below in the present case. That case is not exactly similar to the present case, and we are, of the opinion that the ruling there made should not be extended. The plaintiff in the present case is a creditor without a lien or title, and the case is within the general rule above stated.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent.*