### EQUITABLE LIFE ASSURANCE SOCIETY *v.* CULP.

ATKINSON, J. 1. The sanction of a petition for certiorari and the grant of the writ operate as a supersedeas, under the Civil Code (1910), § 5191, only until the certiorari is heard in the superior court; and if on the hearing in that court the writ is denied, the supersedeas ends and the inferior court may proceed. *Loeb* v. *Mangum,* 134 *Ga.* 335 (67 S. E. 882). On the general subject see 11 C. J. 170, § 236. If the party aggrieved takes the case to the Court of Appeals, in order to obtain a further supersedeas he must comply with the law authorizing such supersedeas. Civil Code (1910), § 6165. The case differs from *Russell* v. *O'Dowd,* 48 *Ga.* 474. That case did not involve application of the statute, but related to the effect of an order of the court expressly directing a stay of execution.

2. Where a party against whom a judgment is rendered as indicated in the first division fails, on taking the case from the superior court to the Court of Appeals, to obtain a supersedeas by complying with the requirements of the Civil Code (1910), § 6165, the plaintiff in judgment can proceed to enforce the judgment; and consequently the defendant, upon tender of a bond to be approved by the court, would not be entitled to an injunction to prevent enforcement until disposition of the case by the Court of Appeals or until the termination of garnishment proceedings instituted against the defendant by creditors of the plaintiff, nor to an injunction to prevent such plaintiff from inducing his creditors to institute garnishment proceedings against the defendant for the amount due to the plaintiff.

*Judgment affirmed. All the Justices concur.*

*Randolph, Parker & Fortson,* for plaintiff.

*Samuel L. Eplan* and *George & John L. Westmoreland,* for defendant.