CARTER *et al.* v. MARTIN *et al.*

</div>

ATKINSON, J. 1. This was an equitable action by creditors as lienholders in virtue of a judgment of the superior court reviving a dormant judgment. Such lien dates from the date of the judgment of revival, *McLendon* v. *Shumate,* 128 *Ga.* 526 (3) (57 S. E. 886). This being so, the case predicated on the judgment reviving the dormant judgment does not fall within the general rule as stated in the Civil Code (1910), § 5495, and in *Ayers* v. *Claridy,* 149 *Ga.* 498 (101 S. E. 292), that creditors without a lien can not enjoin their debtors from disposing of their property.

2. While creditors holding a dormant judgment have no lien in virtue of such judgment, they are nevertheless creditors of the defendant for the amount of the debt represented by the judgment.

3. As against such creditors the defendant, being insolvent, can not convey his property without consideration, for the purpose of avoiding payment of the debt.

4. If, being insolvent, the defendant conveys his property without consideration, such conveyance will be void as against such creditors.

5. After the creditors have obtained a judgment reviving a dormant judgment, they may maintain against the grantor and grantee an equitable action for cancellation of the deed executed without consideration. If

---

Appeal and Error, 4 C. J. p. 1129, n. 58.

Fraudulent Conveyances, 27 C. J. p. 552, n. 97; p. 749, n. 9; p. 865, n. 52.

Judgments, 34 C. J. p. 626, n. 95; p. 658, n. 4.

exceptions are filed to the judgment reviving a judgment, and a supersedeas is obtained without giving bond, so as to prevent issuance of an execution and levy upon the property while the case is pending in the reviewing court upon writ of error, the creditors may also be granted appropriate injunctive relief to prevent sale of the property while the case is pending in the court of review.

6. The trial judge did not err in overruling the demurrer to the petition; nor did he err upon the pleadings, which by consent were submitted to him as evidence, in granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 6108. FEBRUARY 15, 1928.

Injunction.    Before Judge Camp.    Laurens superior court. June 11, 1927.

J. W. Martin et al., as heirs at law of J. W. Martin deceased, instituted an equitable action against H. C. Carter and Walter Wilkes. The petition as amended alleged the following in substance : Plaintiffs had formerly instituted proceedings against H. C. Carter to revive a dormant judgment. A few days before the appointed time for trial of that case Carter executed, and caused to be recorded, to the defendant Wilkes a deed purporting to convey described realty and the grantor's interest in certain personalty derived from the estate of his mother, lately deceased. The property was of the value of $15,000 or other large sum. While the deed purported to have been executed upon a consideration of $3100, there was in fact no consideration, nor was the deed delivered, but it was a fraud and made for the purpose of defeating petitioners and other creditors. If the deed should be sustained it would render Carter insolvent and cause defeat of the collection of plaintiffs' debt. The suit to revive the judgment was tried at the appointed time, and a judgment of revival was rendered. The defendant carried the case to the Court of Appeals without having given bond, and obtained a supersedeas so that an execution could not issue upon the revived judgment and be levied. The prayers were, for cancellation of the deed, and for injunction to prevent disposal of the property while the case was pending in the reviewing court. The judge overruled a general demurrer to the petition. The defendant also filed an answer which as amended alleged that the deed was actually delivered and that the grantee actually entered possession thereunder; that it was made upon a valuable consideration, and not to defraud creditors; that Carter had acquired the property at the death

of his mother only recently before trial of the suit to revive the judgment; that at the time the deed was executed to Wilkes the plaintiffs did not have any lien upon the property, and that their debt also "was dormant." The case being submitted on the pleadings and evidence, the judge granted an interlocutory injunction. The defendants excepted to the overruling of the demurrer and to the grant of injunction.

 E. L. Stephens and T. E. Hightower, for plaintiffs in error.
G. H. Williams, contra.