21696. TAYLOR *v.* GEORGIA POWER COMPANY.

DECIDED NOVEMBER 10, 1931. REHEARING DENIED DECEMBER 15, 1931.

*Morris Macks,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright,* for defendant.

LUKE, J. A petition for certiorari from the city court of Atlanta in a case wherein Mrs. Helen Taylor was plaintiff and Georgia Power Company was defendant was heard by the Honorable John D. Humphries, of the superior court, and sanction thereof was denied. His judgment in the premises is in the following language: "The within application for certiorari is from a judgment of dismissal on the pleadings and evidence in the city court of Atlanta. If it were an original proposition, I would be disposed to hold that a constitutional city court, like that of the City of Atlanta, having concurrent jurisdiction with the superior court in all cases triable therein, with authority to review its own judgments and grant or refuse new trials, from which direct appeal may be taken to the Court of Appeals, or to the Supreme Court in some cases, is not inferior to the superior court as respects its jurisdiction. However, the case of *Dixon* v. *Sable,* 147 *Ga.* 623 (95 S. E. 240), is authority to the contrary. That practice should not be encouraged. It would place too heavy a burden on the judge of the city court, permitting skeleton briefs of evidence as in this case, and forcing the trial judge to prepare full and complete transcripts of evidence in many cases. Therefore, the correct rule of practice should require the petitioner to exhaust his remedies in the trial court, asking and giving the trial judge an opportunity to review and correct all errors complained of. That was not done in this case, and should afford sufficient reason for refusing to sanction the within petition for certiorari, and for that reason sanction is refused. However, the court has looked into the merits of the petition, and finds no grounds for disturbing the judgment complained of. For that reason also, sanction is denied."

By bill of exceptions the plaintiff in error has brought before us the original petition for certiorari, and assigns error on the judgment of the superior court overruling that petition.

However desirable the learned judge of the superior court may deem it to be to discourage the practice of employing the process of certiorari for the purpose of having the superior court of Fulton county review and correct judgments rendered by the city court of Atlanta, yet, in view of the authority he has cited in the memorandum of his judgment, this court is unable to subscribe to his declaration that that fact alone should afford sufficient reason for refusing to sanction the petition for certiorari in the instant case. The right of certiorari is a constitutional right and can not be denied. *Moore* v. *Winder,* 10 *Ga. App.* 384 (73 S. E. 529). The learned judge also declares, however, that he has looked into the petition in this case and sees no reason for disturbing the judgment complained of. Since the court is vested with a judicial discretion to grant or refuse the writ, or, as we say, to sanction or overrule the petition, as justice may seem to require, and since we can not find that there was any abuse of that discretion in refusing to sanction the petition in this case, no substantial wrong having been suffered by the petitioner by reason of such refusal, this court will not disturb the judgment of the superior court in the premises. *Roach* v. *Sulter,* 54 *Ga.* 458.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*