### 53282. PERIMETER BILLJOHN, INC. v. PERIMETER MALL, INC.

QUILLIAN, Presiding Judge.

Appeal was taken from the trial judge's grant of a writ of possession to the lessor (appellee). *Held:*

1. The principal issue presented is whether it was error to overrule the lessee's (appellant) motion to abate the dispossessory proceeding because of the pendency of a suit for rent brought by the lessor against the lessee in the Fulton Civil Court. The present proceedings were brought in DeKalb State Court "the county where the land lies." See Code Ann. § 61-302 (a) (Code § 61-302 as amended, Ga. L. 1971, p. 536).

The lessee argues the dispossessory proceedings could not be maintained because the pending action in Fulton County sought recovery for rent, the nonpayment of which was also the basis for the instant proceedings. It is urged that *Chrisholm v. Lewis & Co.,* 66 Ga. 729; *Elam v. Hamilton,* 69 Ga. 736; and *Ayers v. Claridy,* 149 Ga. 498 (101 SE 292), are controlling.

Each of the three cases cited involves a suit for rent and a distress warrant proceeding. As was stated in *Ayers v. Claridy,* 149 Ga. 498, 500, supra: "Where a distress warrant has been taken out and levied, and a counter-affidavit made and returned into court for trial, the proceeding amounts to a suit for rent, and pending it an action of complaint cannot be brought for the rent covered by the warrant." Hence, those cases are not dispositive of the issues here.

Code §§ 3-601 and 3-607 require a combination of the same parties and the same cause of action. In this case as in *Harbin Lumber Co. v. Fowler,* 137 Ga. App. 90 (222 SE2d 878); *Candler I-20 Properties v. Inn Keepers &c. Co.,* 137 Ga. App. 94 (222 SE2d 881), the parties are the same but not the causes of action. The case sub judice, although it involves the amount of rent owed, is predicated primarily on the right to possession. It is brought in the county where the land lies (here DeKalb), not in the county where the defendant resides (in the other suit — Fulton). Thus, the cause of action in the Fulton suit is on the contract for the rent owed; the cause of action in DeKalb is an assertion of the lessor's right to take possession of the premises and only incidentally involves rent.

The trial judge did not err in denying the motion to dismiss based on pendency of another action.

2. The remaining enumerations of error are with-

out merit.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

Argued January 11, 1977 — Decided February 22, 1977.

*Tarver, Stowers, Roane & Carley, Stephen F. Carley,* for appellant.

*Alston, Miller & Gaines, W. T. Walsh, Joyce Bihary,* for appellee.