71711. HOSE v. JASON PROPERTY MANAGEMENT COMPANY OF ATLANTA.
(344 SE2d 483)

POPE, Judge,

Plaintiff/appellant Charlie James Hose, Jr. (hereinafter tenant) brought this action against defendant/appellee Jason Property Management Company of Atlanta, d/b/a Bordeaux South Apartments (hereinafter landlord), alleging certain intentional tortious conduct and seeking damages therefor. This appeal arises from the trial court's grant of landlord's motion for summary judgment.

The facts are stipulated. On or about March 1, 1984 tenant executed a residential rental agreement for the rental of an apartment from landlord. Pursuant to the terms of that agreement, rent was due on the first day of each month at the rate of $365 per month with a late charge of $20 if landlord accepted rent after the fifth day of the month. On April 9, 1984 landlord filed a dispossessory action in state court for tenant's failure to pay rent for the month of April 1984. Tenant was served with a copy of the affidavit and summons on April 11, 1984. On April 17, 1984 tenant paid landlord the sum of $421. Landlord applied the payment to the past due rent for the month of April in the amount of $365, late charge for the month of April in the amount of $20, court costs incurred in filing the dispossessory action in the amount of $23, a fee in the amount of $8 to cover the administrative cost of preparing and filing the action, and a $5 credit to be applied to future obligations of the tenant. This action has never been

dismissed.

On May 8, 1984 landlord filed the second dispossessory action in state court for failure to pay rent for the month of May 1984. Tenant was served with a copy of the affidavit and summons on May 9, 1984. Tenant filed no answer to this second action, and landlord applied for a writ of possession on May 23, 1984, which was issued on May 29, 1984. Thereafter, tenant was evicted pursuant to the writ of possession on June 6, 1984 by the marshal of the state court. With the exception of the $5 overpayment made by tenant for rent and related charges in April 1984, tenant has neither tendered nor paid any rent to landlord for the month of May 1984.

In his sole enumeration of error tenant asserts that his claim in this case is based upon landlord's alleged violation of OCGA § 9-2-5 (a), "compliance with which would have precluded [landlord] from enforcing a dispossessory order against [tenant] when an identical dispossessory filing was pending." We find this assertion to be entirely implausible.

OCGA § 9-2-5 (a) provides: "No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter." As the undisputed facts of record plainly show, the first dispossessory action filed by landlord against tenant sought possession of the premises and payment of past due rent for April 1984; the second action sought possession and payment of past due rent for May 1984. Clearly, those two proceedings were not the same cause of action. See *Perimeter Billjohn v. Perimeter Mall*, 141 Ga. App. 343 (1) (233 SE2d 470) (1977), and cits. See also OCGA § 9-2-44 (a).

In any event, we view tenant's complaint here as failing to state a claim upon which the relief sought (monetary damages) can be granted. "For every right there shall be a remedy; every court having jurisdiction of the one may, if necessary, frame the other." OCGA § 9-2-3. Tenant's complaint alleges three grounds for recovery — "malicious dispossession," "trespass," and "tortious misconduct" — all premised upon landlord's purported violation of OCGA § 9-2-5 (a). There is no allegation in the complaint of malicious abuse of process or malicious use of process, and under the facts alleged no such claim would be meritorious. See, e.g., *Crawford v. Theo*, 112 Ga. App. 83 (3) (143 SE2d 750) (1965), and cits.

The complaint here is apparently founded upon OCGA § 51-1-6, which provides in pertinent part: "When the law requires a person . . . to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may

recover for the breach of such legal duty if he suffers damage thereby." However, OCGA § 9-2-5 (a) does not impose upon plaintiffs a substantive legal duty, but rather is simply a procedural matter. "The doctrine that a defendant should not be vexed by two or more pending suits for the same cause of action is universally recognized, and a plea in abatement is the proper remedy for obtaining the benefit of that doctrine." *Wilson v. Atlanta &c. R. Co.*, 115 Ga. 171, 173 (41 SE 699) (1902); *Dawson v. McCart*, 169 Ga. App. 434 (313 SE2d 135) (1984). "A plea in abatement is one which, without disputing the justice of the plaintiff's claim, objects to the place, mode, or time of asserting it. It is interposed to stop the plaintiff's action, leaving it open to the plaintiff, however, to renew the suit in another place or form, or at another time. It should not assume to answer the action upon its merits, or deny the existence of the particular cause of action upon which the plaintiff relies. [Cits.]" *Dickenson v. Hawes*, 32 Ga. App. 173, 176 (122 SE 811) (1924). Indeed, as noted above OCGA § 9-2-5 (a) provides that if two identical actions are commenced at different times, as was the purported situation in the case at bar, "the pendency of the former shall be a good defense to the latter."

The remedy thus provided for violation of OCGA § 9-2-5 (a) is in the nature of a shield by which an aggrieved defendant may protect himself from defending duplicitous lawsuits. We find no basis for tenant's attempt in this case to fashion an additional remedy in the nature of a sword by which he may prosecute an action for damages against a purported violator of the statute. " 'Courts may in proper instances apply old rules to newly created conditions, but they cannot create new rules for conditions already regulated.' " *Henry Grady Hotel Co. v. Sturgis*, 70 Ga. App. 379, 386 (28 SE2d 329) (1943). See also *Moore v. City of Winder*, 10 Ga. App. 384, 386-87 (73 SE 529) (1912).

For the foregoing reasons, the trial court did not err in granting landlord's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED APRIL 7, 1986.

*Robert A. Elsner*, for appellant.
*J. Steven Cheatwood*, for appellee.