76489. DICKENS et al. v. FIRST CAPITAL INCOME
PROPERTIES, LTD., SERIES IX.
(371 SE2d 130)

SOGNIER, Judge.

First Capital Income Properties, Ltd., Series IX (the "Landlord") instituted dispossessory proceedings against Robert Dickens, Chris G. Nicholson, and Ben J. Cheek. The named individuals answered within the time allowed by law, and denied that any amount of rent was past due and owing, as well as alleging that the Landlord's tenant was Chewarco, Inc., and not the individuals named in the dispossessory warrant. Before the hearing held on that dispossessory action, the Landlord swore out a second dispossessory warrant covering the same premises, this time naming as defendants Robert Dickens and Chewarco. Dickens was served by tacking and mailing, and service on Chewarco, was accomplished by personally leaving a copy of the summons and affidavit with its registered agent. No answer was filed to this second dispossessory warrant. Both actions were heard on the same date, and the trial court dismissed the first action and entered a default judgment in the second against Chewarco for the past due rent prayed for, awarding the Landlord possession of the premises. Dickens and Chewarco appeal.

1. Appellants contend the trial court erred by granting appellee a writ of possession because the facts in the second action are the same as those in the first, and, therefore, the dismissal in the first action acts as a bar to recovery by appellee in the second action under OCGA § 9-2-5 (a). We do not agree. Assuming without deciding that OCGA § 9-2-5 (a) would constitute a good defense to the second action, appellants' argument misses the mark insofar as it asserts that the second action was entirely void because of the prior pending action. This is not to be inferred from OCGA § 9-2-5. To the contrary, OCGA § 9-2-5 (a) merely provides that "[i]f two [identical] actions are commenced at different times, the pendency of the former *shall be a good defense* to the latter." (Emphasis supplied.) See also *Parsons, Brinckerhoff &c. Inc. v. Johnson*, 161 Ga. App. 634, 635 (288 SE2d 320) (1982). The proper place for appellants to have asserted their argument based on OCGA § 9-2-5 was as a defense to the second dispossessory. " 'The doctrine that a defendant should not be vexed by two or more pending suits for the same cause of action is universally recognized, and a plea in abatement is the proper remedy for obtaining the benefit of that doctrine.' [Cits.]" *Hose v. Jason Property Mgt. Co.*, 178 Ga. App. 661, 663 (344 SE2d 483) (1986). Thus, we

find no merit in appellants' contention that despite having failed to raise the pendency of the prior action as a defense in the case at bar, this action should nevertheless be barred. It was incumbent upon appellants to answer this action and raise whatever defenses they thought applicable. No answer having been filed, the trial court properly granted judgment by default. OCGA § 9-11-55 (a).

2. Appellants also enumerate as error the refusal of the trial court to include in the record of this appeal the proceedings in the prior dispossessory action. Although no argument or citation of authority is presented as to this enumeration and it is therefore deemed abandoned under Rule 15 (c) (2) of the Rules of this court, we note that those records were not introduced into evidence below. Although a trial court may take judicial notice of records in its own court without the formal necessity of having those records certified and admitted into evidence, see *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984), it is not required to do so. Id. at 108-109. Moreover, appellants never reached that stage of the proceedings where the trial court's discretion as to such evidentiary matters would be called into play, as their failure to answer within the prescribed time or to open the default necessarily resulted in a judgment against them. See Division 1.

3. Appellee has moved this court to impose a penalty for frivolous appeal pursuant to OCGA § 5-6-6. Appellants having failed to file an answer in this case, "[w]e see no valid reason for [appellants] to have anticipated reversal of the trial court's findings and judgment; therefore, we must conclude that the appeal to this court was for the purpose of delay only. Accordingly, we hereby grant [appellee's] motion for damages in the amount of 10 percent of the judgment." *St. Amour v. Roberts*, 170 Ga. App. 717, 718 (318 SE2d 313) (1984).

*Judgment affirmed with direction. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 22, 1988.

*Christopher G. Nicholson*, for appellants.
*J. Patrick Claiborne*, for appellee.